**Ralph MAHONEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21944.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 11, 1969.

Decided Dec. 15, 1969.

254

Mr. J. P. Janetatos, Washington, D. C., with whom Mr. Philip A. Ryan, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. John G. Gill, Jr., Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and Roger E. Zuckerman, Asst. U. S. Atty., were on the brief for appellee. Mr. David G. Bress, U. S. Atty. at the time the record was filed, and Mr. John A. Terry, Asst. U. S. Atty., also entered appearances for appellee.

Before TAMM, LEVENTHAL and ROBB, Circuit Judges.

ROBB, Circuit Judge:

The appellant was convicted of unauthorized use of a motor vehicle in violation of 22 D.C. Code § 2204. At trial the case for the government was that on February 14, 1967 the appellant wrongfully appropriated and drove an automobile, was observed and pursued by the police at a high rate of speed, and was arrested after he abandoned the automobile and fled to the roof of a nearby apartment house. A police officer identified the appellant as the driver of the car and there was evidence that when arrested he had in his pocket the key to a telephone that was part of the car's equipment. On the other hand the appellant denied that he had been in the car or had anything to do with it, or ever had the key in his possession, and he undertook to explain his presence on the roof of the apartment house. The appellant's trial in the District Court took place on January 17 and 18, 1968.

Counsel for the appellant tells us that prior to his trial in the District Court the appellant was tried and acquitted in the Court of General Sessions on charges of reckless driving and speeding (D.C. Code § 40–605), and driving a motor vehicle after his permit had been suspended (D.C. Code § 40–489). Counsel states that these charges were based upon the alleged operation by the appellant on February 14, 1967 of the same automobile referred to in the indictment in the case before us, and that the only contested issue before the Court of General Sessions was whether the appellant was the driver of that automobile.. Counsel argues that the prosecution in the District Court was thus barred by the rule of collateral estoppel. A short statement of this rule as applied to criminal cases is that when a question of fact essential to the judgment is litigated and determined in a criminal prosecution, the determination is conclusive between the parties in any subsequent prosecution, although the offenses be different. Seal-

fon v. United States, 332 U.S. 575, 68 S. Ct. 237, 92 L.Ed. 180 (1948); Hoag v. New Jersey, 356 U.S. 464, 470, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958); Laughlin v. United States, 120 U.S.App.D.C. 93, 344 F.2d 187 (1965); United States v. Kramer, 289 F.2d 909 (2d Cir. 1961); United States v. DeAngelo, 138 F.2d 466 (3d Cir. 1943); People v. Cornier, 42 Misc.2d 963, 249 N.Y.S.2d 521 (Sup.Ct. 1964); cf. Moore v. United States, 120 U.S.App. D.C. 173, 344 F.2d 558 (1965); see Annot., 9 A.L.R.3d 203 (1966). Applying the rule to the facts of this case, it is argued that the ruling of the Court of General Sessions was a conclusive determination that the appellant was not the operator of the motor vehicle in question and the judgment was therefore a bar to the subsequent prosecution for the unauthorized use of that vehicle.

[2] We find it unnecessary to consider the appellant's argument. His contention is made for the first time in this Court. In the District Court he did not mention the judgment of the Court of General Sessions or even intimate to the district judge that the case might present a question of collateral estoppel. This was so, notwithstanding the fact that the appellant was represented in the Court of General Sessions and in the District Court by the same attorney.[1] Under these circumstances we must decline to explore the point on this appeal. Had the matter been brought to the attention of the district judge he would have examined the record in the Court of General Sessions to determine whether it supported the defense of collateral estoppel. It is not the function of this Court, however, to make such an inquiry in an endeavor to establish facts which should have been developed in the District Court. United States v. Friedland, 391 F.2d 378 (2d Cir. 1968); 1 C.A. Wright, Federal Practice & Procedure § 193 (1969). Indeed, it has been held that even the defense of double jeopardy, a constitutional point, is waived unless raised in the District Court. Haddad v. United States,

349 F.2d 511 (9th Cir.), cert. den. 382 U.S. 896, 86 S.Ct. 193, 15 L.Ed.2d 153 (1965).

The appellant contends also that the district judge abused his discretion in denying a continuance. The argument has no merit. The record discloses that the appellant's motion for continuance was made for the first time on the day of trial, January 17, 1968, upon the ground that "if he had a month's continuance * * * he might possibly be able to find a witness in New Jersey." The appellant had been free on personal recognizance since March 10, 1967 and had been represented by counsel since May 18, 1967. There was no showing of diligence in seeking out the witness. The matter of a continuance was within the discretion of the district judge and plainly he did not abuse that discretion. Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375 (1941).

The judgment of the District Court is affirmed.

---

1. Not counsel on this appeal.