**Alvin GREEN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**James R. TAYLOR, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Nos. 21460, 21532.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 6, 1970.

Decided March 30, 1970.

Mr. John P. Lipscomb, Washington, D. C., with whom Mr. Herman C. Biegel, Washington, D. C. (both appointed by this court), was on the brief, for appellant in No. 21,460.

Mr. James H. Marsh, Jr., Washington, D. C., with whom Mr. Harold J. Birch, Washington, D. C. (both appointed by this court), was on the brief, for appellant in No. 21,532.

Mr. Robert C. Crimmins, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee. Messrs. David G. Bress, U. S. Atty. at the time the record was filed, and Daniel J. Givelber, Asst. U. S. Atty., also entered appearances for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT and ROBB, Circuit Judges.

PER CURIAM:

Appellants were convicted of various offenses relating to the robbery of St. Elizabeths Hospital on November 2, 1965. In a prior trial a mistrial was declared when the jury could not reach a verdict. At that time the trial judge directed a verdict of acquittal on one of the counts, unauthorized use of a vehicle, 22 D.C.CODE § 2204 (1967). On the second trial appellants were convicted of robbery and assault. It is the second trial which is the subject of this appeal.

Appellants raise several serious questions as to the validity of their convictions. Since we reverse on one such issue for a new trial, we do not consider

the others, on the theory that they may not recur on retrial.[1]

Over appellants' objection that they had been acquitted on Count I of the indictment,[2] the witness McFarland was permitted to testify that on the evening before the robbery he and the appellants stole the car which was the subject of Count I and used it in the robbery. In summation the prosecutor repeated this testimony and relied on it in his argument. Under familiar principles relating to collateral estoppel, the admission of this evidence was error, and in the circumstances of this case the error was not harmless. Lee v. United States, 125 U.S.App.D.C. 126, 368 F.2d 834 (1966); Laughlin v. United States, 120 U.S.App. D.C. 93, 344 F.2d 187 (1965). *Compare* Mahoney v. United States, 137 U.S.App. D.C. 3, 420 F.2d 253 (1969). *See* Restatement of Judgments § 68(1) (1942). *See also* Note, Developments in the Law —Res Judicata, 65 Harv.L.Rev. 818 (1952).

Throughout the first trial the Government's theory was that the appellants stole the car described in Count I and used it in the robbery. Appellants were acquitted on that count. The dissent suggests that in the second trial (on the same indictment) the Government should be permitted to show that appellants stole some other car and used it in the robbery. Pretermitting the question as to whether such flexibility in the Government's proof is permissible in a criminal case, the record of the second trial is bare of any suggestion that a car different from that described in Count I was involved in the robbery. Indeed, McFarland's testimony at both trials is identical in describing the stolen car as a 1965 green Ford taken from a parking lot at 6th and E Streets in the early afternoon of November 1, 1965. The car described in Count I met McFarland's description in all particulars, and the Government made no effort to show that a second 1965 green Ford had disappeared from that parking lot on the day and time in question.

Reversed.

ROBB, Circuit Judge:

I dissent. In my judgment the principle of collateral estoppel cannot rightly be invoked to exclude the testimony of McFarland that the appellants stole an automobile.

The doctrine of collateral estoppel in criminal cases is that when a question of fact essential to the judgment is litigated and determined in one prosecution, the determination is conclusive between the parties in any subsequent prosecution, whether for the same or a different offense. Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948); Laughlin v. United States, 120 U.S.App. D.C. 93, 344 F.2d 187 (1965); Mahoney v. United States, 137 U.S.App.D.C. —, 420 F.2d 253, decided December 15, 1969. The rule applies only to questions which were determined by the prior verdict or judgment, and the court looks to the record of the first proceeding to determine what those questions were. United States v. Friedland, 391 F.2d 378, 382 (2d Cir. 1968). Here the record establishes that the question of fact raised by McFarland's testimony at the second trial—whether the appellants stole an automobile—was not determined by the prior judgment of acquittal.

McFarland testified at the second trial that in preparing for the holdup he and the appellants "stole an automobile" in which they drove to St. Elizabeths Hospital and later made their getaway. The premise of the majority opinion is that this stolen car was the subject of the count on which a verdict of ac-

---

1. The trial court in this case did not have the benefit of our opinion in Clemons v. United States, 133 U.S.App.D.C. 27, 408 F.2d 1230 (1968) (*en banc*). On remand, appropriate hearings should be conducted and findings made by the court on the identification issues pursuant to the teaching of that case.

2. *Compare* United States v. Friedland, 2 Cir., 391 F.2d 378, 381 (1968).

quittal was entered in the first trial. The record does not support the asserted premise. On the contrary, the transcript of the proceedings in the first trial, which is part of the record before us, discloses that counsel for the appellants argued on their motion for judgment of acquittal that "there is nothing * * * which in any manner relates the vehicle alleged to have been used in this robbery to the vehicle described in count one of the indictment." The district judge agreed, and granted the motion upon the ground that "the evidence does not establish that the car that was used in the alleged robbery was in fact the car that was in fact allegedly stolen". It is plain therefore that the judgment in the first trial determined only the question of fact there in issue, that is, whether the appellants stole the particular automobile described in count one of the indictment. That determination, relating to an automobile that was not shown to be the one used in the robbery, did not conclude the question of fact raised by the testimony of McFarland at the second trial, that is, whether the appellants "stole *an* automobile" for use in the robbery. (Emphasis supplied). In short, the prior judgment did not, as a matter of law, negative McFarland's testimony.

I do not suggest, as the majority implies, that there were two cars. All that need be said is that the record of the first trial is inconclusive on the issue of whether the car used in the robbery was the car described in the indictment, for collateral estoppel cannot be invoked to preclude litigation of an issue not conclusively determined in a prior trial. Furthermore, the burden of showing that the prior judgment was conclusive rested on the parties claiming the estoppel, not on the government, so that there was no need for the government to show that some other car'" was used in the robbery. United States v. Friedland, 391 F.2d 378, 382 (2d Cir. 1968). If it be thought that this analysis is technical the answer must be that the entire subject of collateral estoppel, including the application of the doctrine by the majority, is highly technical; "and with what measure ye mete, it shall be measured unto you".

The majority's reliance upon collateral estoppel is misplaced. In my opinion the appellants' other claims of error are also without merit. I would affirm the convictions.