TRAVIS McKNIGHT V. THE STATE.

No. 19573.   Delivered March 16, 1938.
State's rehearing denied April 20, 1938.

The opinion states the case.

Russell & Edwards, of Nacogdoches, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of theft of property over the value of $50.00. His punishment was assessed at confinement in the State Penitentiary for a term of two years.

The record shows that during the night of August 23, 1937, appellant stole four tires, tubes, and rims, from the Airline Motor Coach Company, of which C. D. Thomas was manager and had exclusive possession at the time in question.

Immediately after the commission of the theft, appellant engaged one Travis Stille, a taxicab driver, to take him, along with the stolen property, to Houston, where he disposed of it to a dealer in second-hand goods of this character. After appellant was arrested, he admitted to Mr. Strode, a policeman of the town of Nacogdoches, that he took the tires, tubes, and rims from the Airline Motor Coach Company and sold them in Houston to a dealer in second-hand goods. He took the officers to the place where he had disposed of the goods, and all but one tire was recovered.

Bill of exception number one complains of the action of the trial court in permitting C. D. Thomas to testify as to the value of the stolen property, because the witness had not qualified himself sufficiently to express an opinion on the subject. That it was shown that the property stolen had been used, was second hand, and that such property had a market value in the town of Nacogdoches.

The bill is insufficient in that it fails to show that it was all and the only predicate laid for the introduction of the testimony as to the market value of second-hand goods. However, when the question of value becomes an issue, the cash market value, if any, is to be proved.

Appellant urged a great number of objections to the court's charge. His main objection appears to be directed against the court's failure to correctly instruct the jury as to the market value of the property stolen in the condition in which it was at the time and place taken. If it had no cash market value, then the replacement value would govern. See Baden v. State, 74 S. W. 769. In the absence of such an instruction, the jury was at liberty to seize upon any value without reference to the cash market value in Nacogdoches and without reference to it being second-hand goods. It seems obvious from the court's instruction that the value of the property was not definitely and unequivocally proved to the satisfaction of the court, because he instructed the jury on both felony and misdemeanor theft. Consequently, it was necessary for the court to give the jury a proper guide by which to determine the value of the property stolen, and a failure to do so was error.

Appellant also complains of the court's charge because he failed to instruct the jury that if the articles were taken at different times, and those taken at any one time were not of the value of $50 or over, they could not find him guilty of a felony, but only of a misdemeanor and assess his punishment within the limits of the law prescribed for misdemeanor theft.

We are of the opinion that there was no testimony which justified or required such an instruction. The testimony shows that the property was all taken during the same night, carried to Houston and immediately disposed of. Hence, the presumption obtains that it was all taken at the same time; that it was one continuous act. See White v. State, 33 Texas Crim. Rep. 94.

For the error hereinabove pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After re-examining the record in the light of the State's motion for rehearing we are of opinion that the proper disposition of the case was made upon the original hearing.

The State's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.