EDWARD GIVENS V. THE STATE.

No. 21896. Delivered February 4, 1942.

The opinion states the case.

*Elmer Ware Stahl,* of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a case of theft by false pretext of personal property under the value of $50.00 and over the value of $5.00; the punishment assessed being confinement in the county jail for a year and a day.

The information charged appellant with theft of a watch of the value of $35.00 and a billfold of the value of $5.00, from Monroe Ray.

According to the State's case, the injured party was induced, by false pretext, to deliver into appellant's possession a watch and a billfold, which he thereafter converted to his own use.

The pivotal question presented relates to proof of the value of the alleged stolen property. To sustain the conviction, the burden was upon the State to show that such property was of a value less than $50.00 and more than $5.00.

In theft cases, the value of stolen property, when value becomes an issue, is the reasonable cash market value, if any; but, if the property has no cash market value, then the replacement value governs. McKnight v. State, 115 S. W. (2d) 636, 134 Tex. Cr. 373; Branch's Annot. P. C., Sec. 2488.

Upon the question of value, the injured party testified:

"My watch was a 23-jewel Illinois,—I paid $85.00 for it. I have been in railroad work and my watch was a standard railroad watch, an Illinois movement, I have the number of the movement and everything, and it was worth $50.00.

"I had a black leather billfold in there with a zipper. I had it just three months and I paid $5.00 for it."

The injured party also referred to the watch as "my $85.00 watch."

This testimony was not sufficient to show the watch and billfold to be of a value less than $50.00. If it showed any value at all, such was in excess of $50.00, and theft thereof constituted a felony, and an offense not charged in the information, and one not within the jurisdiction of the county court.

The only testimony in the record as to the value of the watch was by the witness Michael, who had been engaged in the jewelry business, in San Antonio, for thirty-three years, and who testified for the State as follows:

"In the jewelry business I have had occasion to handle both new and used watches and have had thirty-three years experience in that line.

"Q. We have a watch in question in this case which is described as an Illinois watch, 23 jewels, standard Illinois movement, which was bought new in the year 1928, for the sum of $85.00 and has been used since that time by the owner of the watch and according to him, in good condition at the time of its disappearance on or about the 15th of May, 1941, I believe it was. Do you know the value of that watch as of that date in the condition described? A. Well, Mr. Davies, it is hard to value a watch without seeing it or to value anything without seeing it. There is a difference in condition. We don't recognize other people's judgment, we take our own judgment.

"It was a 16 size Illinois watch. The Illinois factory has been out of business ten or twelve years. We occasionally pick those watches up and take them in exchange and when we do we figure on getting from $20.00 to $25.00 for the watch in that condition. I can't absolutely say that the watch described was of the reasonable value of $25.00 as of the date in May, but we have never sold one for less than $30.00 in the last five years, in first class condition,—it has to be in tip-top shape."

Where counsel for the State obtained the information as set out in the question propounded to the witness as to when the watch was purchased, or that it was a "16 size" watch, we are unable to ascertain from this record, because the injured party

gave no description of the watch other than as shown in his testimony above set out; nor does the record otherwise reflect that the watch alleged to have been stolen was purchased in 1928, or that it was a "16 size."

For Michael's testimony relative to value to have had probative force, his opinion must have related to a watch of the kind, condition, and character as that lost by the injured party. The conclusion is reached that it cannot reasonably be said that the opinion expressed by the witness Michael was sufficient to set a value upon the watch alleged to have been stolen, and that the State has failed to prove the value of the alleged stolen watch so as to sustain this conviction.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.