## LUTHER HATTON V. STATE.

No. 24288. March 2, 1949.

*Joe McCasland*, Jefferson, for appellant.

*Ernest S. Goens*, State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Appellant was charged with the conversion of a cotton planter belonging to N. R. Blevins, of the value of $22.50. Upon conviction his punishment was assessed by the jury at a fine of $50.00 and ten days in jail.

Mr. Blevins testified that in his opinion the cotton planter was of the value of $22.50 in February at the time it was converted by appellant. Objection was interposed to such testimony on the ground that the witness had not qualified to express an opinion on its value, and that it was not shown that witness had any knowledge of the market value of said property, etc. On cross-examination Blevins testified as follows:

"I don't know the market value of a cotton planter in Marion County, Texas now, and did not know the market value of one in the month of February, 1948. Yes, the cotton planter was a second hand one. I don't know whether the cotton planter even had a market value in Marion County, Texas, in the month of February, 1948. It may have or it may not have. I never investigated to see whether second hand cotton planters had a market value in Marion County, Texas. No, I didn't talk to any of the salesman at the hardware stores in Jefferson about the value of this cotton planter. I have testified that I gave the defendant credit for $22.50 on his account at the time he sold, delivered and transferred title and possession of the cotton planter to me. I don't know whether the market value of the cotton planter was $5.00, $10.00, $50.00 or $75.00."

We find no further evidence as to the value of the planter. Nothing is shown as to whether a second-hand cotton planter, such as is here involved, had any market value in Marion County, and if not, what its replacement value would have been.

Appellant raised the legal question involved in the trial court, first by a motion for an instructed verdict of not guilty when the state rested its case:

"* * * Because there was no legal and competent evidence * * * to show the market value of the cotton planter * * *".

Notwithstanding the trial court was advised of appellant's contention, the court charged the jury in substance that if they found appellant guilty they could assess his punishment at imprisonment in jail for not exceeding two years and by fine not exceeding five hundred dollars, or by such imprisonment without fine; if they found such planter to be of the value of more than five dollars but less than fifty dollars, and would assess his punishment at a fine not exceeding two hundred dollars should they find such planter to be of a value of five dollars or under.

It is not necessary to discuss the question at length. The

opinion in Clark, et al, v. State, 149 Tex. Cr. R. 537, 197 S. W. (2d) 111, and cases therein cited, make it clear that this conviction can not stand. We quote from Clark (supra).

"In proving value of stolen property, the test is the reasonable cash market value of the property at the time. If the property has no cash market value, then its replacement value is the test. Givens v. State, 143 Tex. Cr. R. 277, 158 S. W. (2d) 535; McKnight v. State, 134 Tex. Cr. R. 373, 115 S. W. (2d) 636; Branch's P. C., Sec. 2488."

The judgment is reversed and the cause remanded.