MANZEL SENTERS V. STATE

No. 28,340. May 30, 1956.

Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 30, 1956.

*Martin & Bailey,* by *Samuel E. Daugherty* and *James H. Martin,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *George P. Blackburn, Harvey Lindsay, A. D. Bowie,* Assistants District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is a conviction for felony theft of a ring and a ring set; the punishment assessed, two years.

The evidence shows beyond question that appellant took the rings from the showcase in a pawn shop where they were exposed for sale, but the sufficiency of the evidence to sustain the jury's finding that the property so taken was of the value of $50 or more is challenged.

Appellant contends that the conviction should have been for misdemeanor theft, a conviction for which was authorized in the court's charge in the event the jury entertained a reasonable doubt that the reasonable market value of the property was less than $50.

There are no objections to the charge and the following evidence on the question of value was admitted without objection.

Ornish, the pawn broker, described the ring first mentioned as a single ring with a small diamond, and the ring set as a small wedding ring or band and an engagement ring with small diamonds. He testified that he was familiar with the market value of diamonds and of rings of the type taken from him; that the fair market value of the single ring was $29 and he sold it for that amount after it was recovered.

Asked as to the fair market value of the ring set in Dallas on the day the rings were stolen, Ornish testified: "Well, according to my judgment, the set I would sell it for $22.50. * * *"

"Q. All right, that would be then an aggregate sum or total of $51.50 for the three rings? A. Them two rings for $22.50.

"Q. And $29 for the other? A. And $29 for the other, yes, sir."

Except as may be shown by the foregoing, there was no direct testimony as to the reasonable market value of the property, and no witness other than Ornish was called who claimed to be familiar wtih the market value of such property.

On cross-examination Ornish testified that the ring set contained "about a dollar and a half's worth of gold;" that he would sell the set for $22.50 and make a profit; that it could be possible that the set might be obtained for ten or fifteen dollars—"Just somebody anxious to sell." "It depends how the merchant feels about it. If he can make a little money, he will

sell it for less." * * * "depends on who is doing the buying and how bad the man wants to make a sale."

Ornish testified further that the rings were second hand; that on such merchandise pawn shops do not operate according to fair market value; "they make a small loan and after the forfeit and put it up for sale, if they can get more they get more, and if they can't get more then get less, as long as they can make a little money out of it."

Value as it relates to stolen property is the market value at the time and place of the taking, if the property has such a value, and if not, what it would cost to replace it. Branch's Ann. P.C., Sec. 2489, p. 1347; 41-A Tex. Jur., Sec. 8, p. 17.

Market value is not to be determined from what an eager buyer would be willing to pay for property, or what a seller who obtained it as an unredeemed pledge might be willing to take for it were he anxious or under necessity to sell. "Market value" means the amount the property in question would sell for in cash, giving a reasonable time for selling it. Saddler v. State, 20 Tex. App. 195; Branch's Ann. P.C. Sec. 2489.

The expressions "market value," "fair market value," "cash market value" and "fair cash market value" are synonymous terms. McInnis et al v. Brown County Water Improvement Dist. No. 1, 41 S.W. 2d 741, 746 (Civ. App. writ refused); Fort Worth & D. N. Ry. Co. v. Sugg, et al, 68 S.W. 2d 570 (Civ. Ap. no writ history); West Texas Hotel Co. v. City of El Paso, et al, 83 S.W. 2d 772, 776 (Civ. App. writ dismissed).

There is no material difference between "reasonable market value," "reasonable cash market value" and "market value." Byers, et al v. Shelton, 282 S.W. 635 (Civ. App. writ dismissed).

We are unable to agree that the jury was not warranted in finding, from the testimony mentioned, that the rings were of the aggregate market value of $50 or more.

We conclude that the evidence is sufficient to sustain the conviction for felony theft.

The judgment is affirmed.