George Raymond DYBA, Appellant,

v.

The STATE of Texas, Appellee.

No. 52956.

Court of Criminal Appeals of Texas.

April 13, 1977.

Chappell & McFall, Lubbock, for appellant.

Bill Neal, Dist. Atty., Vernon, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for felony theft under the former Penal Code. Article 1421, V.A.P.C. His punishment was assessed at three years, probated.

Appellant and two other individuals were convicted for stealing a Linde Air Products Company oxygen cylinder, type "K" series, from a salvage yard owned by Val Blake. The facts and circumstances of this offense are carefully set out in the co-defendants' cases, *Kirkland v. State,* Tex.Cr.App., 489 S.W.2d 298; *Grego v. State,* Tex.Cr.App., 456 S.W.2d 123. The sufficiency of the evidence was upheld in each of those cases.

The only additional fact we need to mention is that Val Blake received his oxygen cylinders from the McGinnis Welding and Supply Company of Wichita Falls. These bottles, including the one introduced at trial, were marked with a McGinnis sticker or label.

■ Appellant initially asserts that the evidence is insufficient to establish that the oxygen bottle introduced at trial is the same one taken from the complainant. We do not agree.

Blake testified that his supply of oxygen cylinders was "one short" following the night of the offense. Blake discovered this deficiency after he was notified by the police that the appellant had been apprehended and the car he had occupied contained a cylinder similar to those leased and sold by the salvage yard. Blake identified the cylinder as being of the same type utilized in his business. He could not, however, positively identify the exhibit because he did not record the serial numbers on the cylinders he received from McGinnis.

Nevertheless, the oxygen cylinder introduced at trial was found in a car in which appellant was a passenger on the night of the offense when it entered the highway from Blake's Salvage Yard under suspicious circumstances. See, *Grego v. State,* supra.

We conclude that the evidence supported the jury's finding that the bottle introduced into evidence was the same bottle as that taken from Val Blake.

■ Appellant also contends that the State failed to demonstrate that the cylinder in question was worth $50.00 or more. Article 1421, supra; *Wilson v. State,* Tex.

Cr.App., 536 S.W.2d 375. Blake testified that he sold these cylinders individually for $59.50, plus tax, and gave the purchase money he received to McGinnis. Morris testified that this price had been received for the sale of a cylinder by Blake approximately two months prior to the offense. An invoice establishing this purchase was admitted into evidence.

Appellant insists, however, that the market value was not proved, and, therefore, the value of the cylinder is to be ascertained according to its replacement cost.[1] In *Senters v. State*, 163 Tex.Cr.R. 423, at 291 S.W.2d 739, at 740, we stated:

> "Value as it relates to stolen property is the market value at the time and place of the taking, if the property has such a value, and if not, what it would cost to replace it." Also see, *Wise v. State*, Tex. Civ.App., 494 S.W.2d 921; *Clark, et al. v. State*, 149 Tex.Cr.App. 537, 197 S.W.2d 111.

Market value was demonstrated in this case. Appellant contends, however, that Blake and McGinnis were not authorized to sell the cylinders, and, therefore, the true value should be determined by the replacement cost.

The record reveals that Blake and McGinnis did sell these cylinders and, by doing this, a market value of $59.50, plus tax, was established. The market price established in this case satisfies the value requirement of Art. 1421, supra.

■ In his final ground of error attacking the sufficiency of the evidence, appellant contends the State did not prove he was a guilty party in the theft. Appellant was in the back seat of the car with the cylinder when apprehended by the officer, and Kirkland and Grego were in the front seat. Their car was observed from when it left the location of the theft at night with its lights off until it was stopped and the three men were arrested. All gave the explanation that they found the cylinder on the side of the road, which explanation was rejected by the jury. The careful trial judge charged both on the defensive theory of an innocent finding of the property and on the law of circumstantial evidence. We conclude the evidence was sufficient.

Complaint is next made of the admission of the oxygen cylinder into evidence. According to appellant, this item was obtained as the result of an illegal and unreasonable search.

We disposed of this issue in *Kirkland v. State*, supra, and *Grego v. State*, supra. The record of the case at bar does not support a departure from the conclusions reached in the companion cases. The search was not illegal and the cylinder was properly admitted into evidence.

■ The next ground of error maintains that the trial court erred in denying appellant's motion for mistrial based on the prosecutor's prejudicial conduct in the presence of the jury during the direct examination of Val Blake. The record reflects:

> "Q. What do you use these type bottles for in your business out there, Val?
>
> "A. Well, we have to have the air. We have to have acethylene to heat the iron, and then this blows it on out so we can cut it up in the lengths it's supposed to be cut.
>
> "Q. In other words, you have got to put the oxygen in this bottle through a cutting torch to cut that iron.
>
> "A. Yes, sir.
>
> "Q. And how thick iron or steel can you cut with a cutting torch like that?
>
> "A. I have cut up to two inches thick.
>
> "Q. You could cut up any kind of heavy material, like a safe or anything like that with it?"

At this point, objection was interposed. The objection was sustained and the jury instructed to disregard the question. The prosecutor also withdrew this question. The motion for mistrial was denied.

The trial court's action and the prosecutor's prompt withdrawal of the improper question cured any harm. *Pringle v. State*, Tex.Cr.App., 511 S.W.2d 35; *Chapman v.*

---

1. The record establishes that the replacement value of the cylinder was $38.00.

*State,* Tex.Cr.App., 503 S.W.2d 237. We overrule this ground of error.

The final argument states that the trial court failed to respond in open court to an inquiry made by the jury during its deliberation on the guilt or innocence of the appellant. The motion for new trial states that the jury gave a message to the deputy sheriff. This message, according to appellant, requested the court to deliver to the jury an invoice that had been introduced as an exhibit at trial. This exhibit apparently was delivered to the jury by the bailiff. Appellant contends that the trial court's failure to respond to the message constitutes a violation of Art. 36.27, V.A.C.C.P.

■ We do not agree. The jury was entitled to take to the jury room all exhibits properly admitted into evidence. Article 36.25, V.A.C.C.P.[2] To accomplish this, they would merely have to request the bailiff to bring them the exhibits they desired to view. The provisions of Art. 36.27, supra, are not applicable to this situation.

The judgment is affirmed.

**2.** Article 36.25, supra, provides: "There shall be furnished to the jury upon its request any exhibits admitted as evidence in the case."