Joseph Earl SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0412–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 24, 1986.

Rehearing Denied May 15, 1986.

Jerry D. Conner, (Douglas M. O'Brien, of counsel, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Dinah Bailey, Jon Munier, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, HOYT and DUNN, JJ.

## OPINION

SAM BASS, Justice.

Appellant was convicted by a jury of theft of an automobile valued between $750 and $20,000. Punishment, enhanced by two prior felony convictions, was set by the jury at 75 years imprisonment.

We reverse and acquit.

In his first ground of error, appellant challenges the sufficiency of the evidence to show that the value of the car when stolen was more than $750. In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict. *Drager v. State*, 548 S.W.2d 890, 892 (Tex.Crim. App.1977). The only evidence of the car's value was the complainant's testimony that he purchased the car new in 1977 for $5,400 and that, after it was recovered and before trial, he traded it in for a $1,000 credit on a "Jimmy S10." The car was stolen on September 16, 1984, and the trial began on May 6, 1985.

Value is "(1) the fair market value of the property or service at the time and place of the offense; or (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft." Tex.Penal Code Ann. sec. 31.08(a) (Vernon 1966). Market value means "the amount the property in question would sell for in cash, giving a reasonable time for selling it." *Senters v. State*, 163 Tex.Crim. 423, 291 S.W.2d 739 (Tex.Crim.App.1956).

In the following cases, the evidence of value was sufficient: In *Snider v. State*, 681 S.W.2d 60, 64 (Tex.Crim.App.1984), the defendant was charged with theft of a compressor and a generator with a combined value greater than $200. The State's witness testified that he was familiar with the value of the items. "He stated that the replacement cost was $500 for the compressor and $770 for the generator. He also said that their combined value, used, was $400." In *Oliver v. State*, 613 S.W.2d 270, 274 (Tex.Crim.App.1979) (op. on reh'g), the defendant was charged with stealing two

pistols with an aggregate value greater than $200. One gun dealer testified that the fair market value of one pistol was between $150 and $165 at the time of the theft. A second gun dealer testified that the fair market value of the other pistol was between $60 and $65. There was additional testimony that other dealers might have sold the guns at higher or lower prices.

In the following cases, the evidence of value was insufficient: In *Bryant v. State*, 627 S.W.2d 180, 182 (Tex.Crim.App.1982), the defendant was charged with stealing property valued between $200 and $10,000. There was no evidence of fair market value, and the only evidence of replacement value was the complainant's testimony that it was "at least $200." In *Barros v. State*, 661 S.W.2d 337, 340 (Tex.App.—Corpus Christi 1983, no pet.), the defendant, charged with stealing a chainsaw with a value of more than $200, testified that he could buy a new chainsaw for $87 or a used one for $70. The owner testified that the value of the chainsaw was "about $200."

In this case, the complainant did not testify as to the cash value of the car or the amount for which he would have been willing to sell it at the time of the offense. *See Senters*, 291 S.W.2d at 740. The testimony in this record concerning the car's trade-in value is not probative of the car's cash value on September 16, 1984, the date it was stolen. Trade-in value is a different standard than cash value. *Compare Sweeney v. State*, 633 S.W.2d 354 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd.), where the complainant's testimony that he financed his purchase of the television, and it cost $700, constituted no evidence that the value of the set when stolen was more than $200. "[T]here is no indication of the age or condition of the television. Nor is there any revelation of the terms under which the purchase of the television was financed." *Id.* at 356.

Appellant's first ground of error is sustained. In view of this holding, we need not address appellant's second ground of error.

We reverse the judgment and render a judgment of acquittal for the offense of felony theft. We note that appellant may be prosecuted again, based on the same facts, for the offense of misdemeanor theft. *Ex parte Harris*, 600 S.W.2d 791 (Tex.Crim.App.1980), and cases cited therein.