Kenneth Lamar MaGEE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–84–518–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 14, 1986.

Mark D. Atkinson, Houston, for appellant.

Calvin A. Hartmann, Roe Morris, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Kenneth Lamar MaGee appeals from a jury conviction for felony theft and in his four grounds of error alleges: (1) the evidence was insufficient to establish the value of the stolen property; (2) the trial court erroneously instructed the jury that value can be determined by replacement cost; (3) the trial court erred in refusing to instruct the jury on a lesser-included offense; and (4) the trial court erred in denying his motion for new trial based on jury misconduct. We affirm.

The record shows that on October 17, 1982, appellant, with the aid of friends and the use of a U-Haul truck, began moving his family belongings out of a furnished three-bedroom apartment in Pasadena. The apartment manager observed appellant removing the apartment-owned furniture in addition to his personal belongings. Accompanied by a security guard, the manager confronted appellant. A scuffle ensued between the guard and appellant prompting the manager to obtain police assistance. While the manager ran for help, appellant left the scene in the U-Haul in possession of apartment-owned chest of drawers, mattress and box springs. Appellant was thereafter indicted under Tex.Penal Code § 31.03(d)(4)(A) which then defined third degree felony theft as exercising control over property valued between $200 and $10,000 without the owner's effective consent.[1]

In his first ground of error appellant challenges the conviction because there was insufficient evidence of the property's value. Specifically, appellant contends the State cannot prove value by replacement cost and that the trial court erred in instructing the jury that value can be determined by replacement cost.

This case turns on the construction of Tex.Penal Code Ann. § 31.08(a) (Vernon 1974):

[V]alue under this chapter is: (1) the fair market value of the property or service at the time and place of the offense; or (2) if the fair market value of the property *cannot be ascertained,* the cost of replacing the property within a reasonable time after the theft. (emphasis added).

The property manager, and complainant herein, testified that the stolen furniture was never recovered. He also stated that he had no idea when he had last seen the stolen furniture, that it could be anywhere from one to three years old, and that he did not know the condition of the furniture at the time of the offense. The complainant further testified that the day after the offense, he called the store from which the apartment owners purchased their furniture and learned that the replacement value was $135 for the dresser and $120 for the mattress and box springs.

Appellant contends that replacement cost is the proper measure of value for purposes of the theft statute only where the stolen items have *no* market or cash value. *See generally Senters v. State,* 163 Tex. Cr.R. 423, 291 S.W.2d 739 (1956); *Clark v. State,* 149 Tex.Cr.R. 537, 197 S.W.2d 111 (1946); *McKnight v. State,* 134 Tex.Cr.R. 373, 115 S.W.2d 636 (1938). Because a chest and bed *do* have a market value, and the State failed to introduce any evidence of same, appellant submits the evidence is insufficient to support a finding that the stolen property had a fair market value over $200.

We have reviewed the several cases construing the term "value" as defined in Tex. Penal Code Ann. § 31.08. As pointed out by appellant, in many theft cases the owner of the property testified as to fair market

---

1. In 1983, this statute was amended increasing the dollar amounts.

value based on purchase price minus depreciation. *See e.g., Johnson v. State,* 676 S.W.2d 416 (Tex.Crim.App.1984); *Bullard v. State,* 533 S.W.2d 812 (Tex.Crim.App. 1976). *Sweeney v. State,* 633 S.W.2d 354 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). However, the Court of Criminal Appeals recently held in *Sullivan v. State,* 701 S.W.2d 905, 909 (Tex.Crim.App.1986), that:

> [W]hen the owner of the property is testifying as to the value of the property, he or she may testify as to his or her opinion or estimate of the value of the property in general and commonly understood terms. Testimony of this nature is an offer of the witness' best knowledge of the value of his property. Such testimony will constitute sufficient evidence for the trier of fact to make a determination as to value based on the witness' credibility. This is true even in the absence of a specific statement as to "market value" *or* "replacement value." (emphasis added.)

Of further instruction is *Ketchum v. State,* 707 S.W.2d 718, 719 (Tex.App.—Texarkana 1986, no pet. hist.) where the court found sufficient evidence of the value of the stolen property even though the property owner utilized replacement cost, not fair market value, for his various calculations. Finally, we refer back to the plain meaning of § 31.08 which clearly states that where market value cannot be ascertained, replacement cost is a proper measure of value. Under the unusual, and perhaps unique facts of this case, market value could not be ascertained. The furniture was not recovered and complainant, ignorant of the condition and age of the same, was unable to even surmise its market value.

■ We hold that the court did not err in instructing the jury that it could use replacement cost in determining the value of the stolen goods. We also find the record contains sufficient evidence that the value of the stolen goods was between $200 and $10,000. Appellant's first two grounds of error are overruled.

■ In his third ground of error, appellant challenges the court's refusal to instruct the jury on the lesser included offense of misdemeanor theft. Appellant claims the jury could have reasonably concluded from the evidence that the fair market value of the stolen items was less than $200.

Because we have found that the fair market value could not be ascertained, the only evidence as to value is the replacement cost of over $200. Thus, there is no evidence that if the appellant is guilty, he is guilty only of the lesser offense. *Rogers v. State,* 687 S.W.2d 337 (Tex.Crim.App.1985); *Royster v. State,* 622 S.W.2d 442 (Tex. Crim.App.1981) (on motion for rehearing). Appellant's third ground of error is overruled.

In his fourth ground of error, appellant complains the trial court erred in refusing to grant him a new trial when it was established that an unauthorized communication between the bailiff and a juror resulted in at least one juror agreeing to a longer sentence than she would have absent the confrontation.

■ Tex.Code Crim.Proc.Ann. art. 40.-03(7) provides that new trials shall be granted "where the jury, after having retired to deliberate upon a case, has received other evidence; or where a juror has conversed with any person in regard to the case ..." The rule against jurors conversing with unauthorized persons is grounded in the accused's right to confrontation and is so strong that injury is presumed. The presumption, however, is rebuttable. *McMahon v. State,* 582 S.W.2d 786 (Tex. Crim.App.1978).

■ After an hour or two of deliberations on punishment, the jury was called to the courtroom. The trial court told the jury that in light of the lateness of the hour, they could continue deliberations in the morning. The jury decided to try to reach a decision that evening. Within a few minutes the jury returned with a decision to sentence appellant to forty (40) years.

According to an affidavit signed by Juror Muswinsky, during the short time the jury had resumed deliberations, the bailiff had been summoned. A juror told the bailiff that they believed they were "deadlocked." The bailiff then volunteered "I'm not supposed to tell you this, but the Judge will either instruct you to reach a verdict or he will declare a mistrial."

At the hearing on appellant's motion for new trial Ms. Muskwinsky testified that prior to the judge calling the jurors into the courtroom she had compromised under pressure from the other jurors and raised her sentence from twenty-five to thirty-five years. However, some of the remaining jurors were not satisfied and wanted to assess an even longer sentence. She further testified that she understood the bailiff's comment to mean the jury had to reach a unanimous verdict and that the comment caused her to give appellant more time. On cross-examination Muswinsky stated that had the trial court instructed the jury to continue deliberating until a verdict was reached, the jury would have reached the verdict eventually agreed upon. While we certainly do not endorse the procedure whereby the bailiff rather than the court delivers the *Allen* charge to a deadlocked jury, we think the occurrence did not adversely affect appellant's rights below. Appellant's fourth ground of error is overruled and the judgment of the trial court is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the other members of the panel, I would like to record my respectful dissent.

Appellant, Kenneth Lamar MaGee, appeals from a judgment of conviction for the offense of felony theft. The indictment alleged two prior felony convictions for enhancement of punishment. On his plea of not guilty the jury found him guilty. Appellant pleaded not true to the enhancement allegations and the jury found them to be true and assessed punishment at forty (40) years confinement in the Texas Depart-

ment of Corrections. I would reverse and order acquittal.

The testimony of the State's witnesses indicated that appellant lived in a furnished apartment in a complex known as Grand Park Village in Pasadena, Texas. Robert Sutton, the apartment manager, testified that he observed appellant moving from his apartment on October 17, 1982 and also saw him take several pieces of furniture belonging to the Grand Park Village Apartments. Ronald Davis, a security guard at the apartments, testified that he saw appellant and several friends moving furniture out of his apartment. When Mr. Sutton and Mr. Davis attempted to stop appellant and his friends from leaving with the apartment's furniture, a scuffle broke out. After the altercation, appellant left in his automobile, pulling a U-haul trailer with the furniture belonging to the apartments. The furniture allegedly stolen by appellant was never recovered.

Appellant was indicted for felony theft of one chest of drawers, one mattress and one set of box springs of the value of over $200 and under $10,000.

Appellant was indicted and convicted under Section 31.03(d)(4)(A) of the Texas Penal Code (Vernon Supp.1981) which provides that the offense of theft is a felony of the third degree if the value of the property stolen is $200 or more but less than $10,000.

In his first ground of error, appellant asserts the evidence is insufficient to prove the value of the stolen property to be $200 or more but less than $10,000.

In his second ground of error, appellant contends that the State cannot prove value by replacement cost and that the trial court erred in instructing the jury that value can be determined by replacement cost.

Mr. Sutton, the property manager of the apartments and complainant, testified that the stolen property was never recovered and the replacement cost of the dresser was $135.00 and the replacement cost of the mattress and box-springs was $120.00, for a total value of $255.00. He testified

that these figures were the cost of replacing the items with brand new ones. Mr. Sutton further testified that (1) he could not remember when he had last seen the furniture, (2) the furniture was possibly one-to-three years old, (3) he did not know if the items had been purchased new or used and (4) he did not know what condition the property was in when stolen.

Section 31.08(a) of the Texas Penal Code (Vernon 1974) states:

### VALUE

(a) Subject to the additional criteria of Subsections (b) and (c) of this section, value under this chapter is:

(1) the fair market value of the property or service at the time and place of the offense; or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

The State argues that since the items alleged to have been stolen were not recovered and the complainant had no idea of their condition or age, their fair market value could not be ascertained so the State could proceed under section 31.08(a)(2), by proving the cost of replacing the property within a reasonable time after the theft. I disagree.

The cases which deal with cost of replacement refer to property without market value, not missing property. In proving value of stolen property the test is the reasonable cash market value of the property at the time of the theft. If the property has no cash market value, then its replacement value is the test. *Senters v. State*, 163 Tex.Cr.R. 423, 291 S.W.2d 739 (1956); *Clark v. State*, 149 Tex.Cr.R. 546, 197 S.W.2d 111 (1946).

The Practice Commentary following section 31.08 of the Texas Penal Code (Vernon 1974) in pertinent part states: "The prior Penal Code contained no standards for determining the value of stolen property or services. The case law, however, utilized market value and if there was no market value, replacement cost. Subsection (a) restates these court-established criteria for valuation." The pre-code cases suggest that the intent of the legislature in passing section 31.08(a) was to apply replacement cost as a measure of value to those cases where the value of the stolen property could not be ascertained or determined.

I would hold that the legislature did not intend to permit the State to use replacement cost as an alternative method of proving the value of stolen items which otherwise have an ascertainable fair market value.

The trial court instructed the jury as follows:

'Value' means:

(1) the fair market value of property or service at the time and place of the offense; or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

Appellant's trial counsel objected to including in the charge paragraph two regarding replacement cost.

I agree with the appellant and hold that the court erred in submitting paragraph two regarding replacement cost. The appellant timely objected to the court's charge and reversal is required because the error is harmful to the accused. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1985).

In our case there is no question that the inclusion of this paragraph, giving the jury the right to consider replacement cost to determine the value of the stolen property, was error. The State never introduced evidence to prove market value of the stolen items; they mistakenly relied on replacement cost to prove value.

In our case there is no evidence in the record to show the market value of the stolen items to be in excess of $200 at the time of the offense. *Sweeny v. State*, 633 S.W.2d 354 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

I find the State failed to meet its burden of establishing beyond a reasonable doubt the market value of the chest of drawers, mattress and box springs, at the time of the offense, was over $200 as alleged in the indictment.

Since I find that there was insufficient evidence to support his conviction, appellant must therefore be acquitted. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

Since acquittal is required, consideration of appellant's other grounds of error is unnecessary. I would reverse the judgment of the trial court with directions to enter an order of acquittal.