**AFFIRM; and Opinion Filed July 21, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-13-01258-CR
_____

**JOEL DANIEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1155664-V**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck[1]
Opinion by Justice Brown

Appellant Joel Daniel appeals his jury conviction for manslaughter. After finding appellant guilty, the jury assessed punishment at twenty years' confinement, and a $10,000 fine. In a single issue, appellant contends the trial court violated his statutory and constitutional rights when it replayed his videotaped statement to the jury outside of his presence. For the following reasons, we affirm the trial court's judgment.

On the evening of May 20, 2011, appellant shot fifteen-year-old Cristiyan Martinez in the head. At the time of the shooting, Martinez was inside an apartment with some older friends. Appellant was also at the apartment giving Martinez's friends tattoos and haircuts.

_____

[1] The Honorable David Schenck succeeded the Honorable Michael O'Neill, a member of the original panel. Justice Schenck has reviewed the briefs and record before the Court.

While appellant was cutting someone's hair, Martinez told appellant he wanted to get a tattoo. When Martinez did so, appellant pulled out a gun, and pointed it at Martinez's head. Martinez responded jokingly that he would "eat them holes," meaning he would "take a bullet." Appellant then pulled the trigger twice, but it only clicked. Appellant pulled the trigger a third time, shooting Martinez in the head. Martinez died of the gunshot wound.

After he shot Martinez, appellant fled, but he was apprehended by police soon thereafter. Appellant gave police a videotaped statement. In his statement, appellant admitting shooting Martinez, but claimed he did not intend to hurt him, but was only joking around with the gun. The grand jury indicted appellant for murder.

At trial, appellant's videotaped statement was admitted into evidence after the parties agreed to mute certain portions of the tape. After the jury retired for deliberations, it requested to view the videotape again. In response, the trial court addressed the jury in the courtroom as follows:

> [THE COURT]: Be seated, please. Ladies and gentlemen, this conversation is going to be on the record. The defendant is not present. I'm going to honor your request to have the videotape replayed, but this room is now going to become an extension of the jury room.
>
> [The prosecutor] will operate the machine as he did before. There are certain portions of the tape I have ruled inadmissible, so, as before, he will mute those sections on the tape. Other than this conversation, I cannot talk to you and you can't talk to me, certainly not about deliberations, and the same goes for the lawyers. They have to be present to make sure everything is done properly with the machine and I am sure it will be.
>
> Feel free to move around the courtroom if you want to stand closer to a speaker to hear better but you cannot say, stop, I want to hear that again. You cannot give us any direction because that might tell us something about your deliberations which must be secret. I will give you a 15-minute break to get everything set up in here. When you reassemble in the jury room, you will be brought in as a group again and [the prosecutor] will start the tape right at the same point he did at the trial and it will play continuously. Again, you can move around the courtroom, if you want to come up to the screen to look at it more closely, just like you could do in the jury room. You just can't say anything to us or give us any directions. We're in recess for 15 minutes. One second. One of the jurors raised

her hand. I can't talk to you about anything about deliberations, about playing the tape, the rules, anything like that. If you are going to tell me it's hot in the jury room, I understand. Is it better with the fans by the way?

[JURY PANEL]: Yes.

[THE COURT]: We are now in recess for 15 minutes. When you reassemble the tape will be played to you in its entirety. That concludes these proceedings. You may separate, just don't talk about the case.

After the short recess, the tape was replayed for the jury. Appellant did not lodge any objections at trial concerning his absence or the manner in which the videotape was provided to the jury. The jury subsequently found appellant guilty of the lesser-included offense of manslaughter.

On appeal, appellant asserts his absence from the courtroom while the videotape was replayed violated his statutory and constitutional rights to be present at trial. Appellant first asserts the trial court violated articles 33.03 and 36.27 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 33.03 & 36.27 (West 2006). Under Article 33.03, a defendant has a right to be present at every stage of his trial. TEX. CODE CRIM. PRO. 33.03 (West 2006). Article 36.27 requires a trial court to make reasonable efforts to secure the presence of the defendant before responding to a jury's request to communicate with the trial court about the case. TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006). Appellant also asserts the trial court violated his constitutional rights to be present. The Due Process Clause and the Confrontation Clause of the United States Constitution guarantee a criminal defendant the "right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." *Faretta v. California*, 422 U.S. 806, 819, n. 15 (1975); *Tennessee v. Lane*, 541 U.S. 509, 523 (2004). Due process requires a defendant be given the right to be present in any proceeding in which his presence has a "reasonably substantial" relationship to the opportunity to defend himself. *United States v. Gagnon*, 470 U.S. 522, 526 (1985). On the other hand, a

–3–

defendant has no statutory or constitutional right to be present during jury deliberations.[2] To the contrary, jury deliberations must be secret. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 202 (Tex. Crim. App. 2003) (jury deliberations shall be secret); *see also* TEX. CODE CRIM. PROC. ANN. art. 36.22 (West 2006).

Here, after the jury retired to deliberate, it requested to view a video that had been admitted into evidence. Because the video was a trial exhibit, the jury was entitled to review it on request. TEX. CODE CRIM. PRO. ANN. 36.25 (West 2006) (jury shall be furnished on request any exhibits admitted as evidence); *Dyba v. State*, 549 S.W.2d 178, 181 (Tex. Crim. App. 1977); *Chennault v. State*, 667 S.W.2d 299, 302 (Tex. App.—Dallas 1984, pet. ref'd). Instead of providing the videotape to the jury in the jury room, the videotape was replayed in the courtroom in the presence of the trial judge and the attorneys. At that time, the trial judge neither considered nor made any judicial determinations, did not communicate with the jury about the case other than to explain the manner in which the videotape was being replayed, and did not permit the attorneys to communicate with either the jury or the court.

We conclude appellant was not excluded from trial or any trial proceeding, but from a portion of jury deliberations. Although the trial court and the attorneys were present at that time, appellant does not complain this constituted error. *See* TEX. CRIM. PROC. CODE ANN. art. 36.22 (West 2006) (no person shall be permitted to be with a jury while it is deliberating). We nevertheless note the trial court took certain precautions to protect both the secrecy of jury deliberations and to ensure that the exhibit that was admitted into evidence was properly replayed. Because appellant did not have a right to be present while the jury reviewed evidence

---

[2] We also note that appellant was required to object at trial to preserve his statutory complaints. *Routier*, 112 S.W.3d at 575; *see also* TEX. R. APP. P. 33.1(a). Because appellant did not, any error based on the statutes has been waived. *See id*.

admitted at trial after it retired to deliberate, we resolve the sole issue against appellant. We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

131258F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOEL DANIEL, Appellant

No. 05-13-01258-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1155664-V.
Opinion delivered by Justice Brown. Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of July, 2015.