### WILLIAM HILL v. THE STATE.

No. 4083.    Decided May 24, 1916.

**Local Option—Occupation—Distinct Offenses—Former Jeopardy.**

Engaging in the business and occupation of selling intoxicating liquors and so forth is a distinct offense from making a single sale, and the defendant could not plead former jeopardy; besides no such plea was filed, there was no reversible error.

Appeal from the District Court of Grayson.    Tried below before the Hon. M. H. Garnet.

Appeal from a conviction of violating the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of unlawfully making a single sale of intoxicating liquor in Grayson County after the prohibition law making it a felony was in effect therein, and his punishment assessed at the lowest prescribed by law.

The court gave a correct charge, to which there is no objection.    No bill of exceptions is in the record.    The sole question attempted to be set up was in the motion for a new trial after conviction in this:    A very meager attempt was made to allege that appellant had before been convicted of the same offense.    This was denied and contested by the State    No evidence seems to have been introduced on the question.    It was too late to set up such matter after the trial.    It must be plead under oath before the trial.    However, the best we can tell from the record is that appellant was convicted before this trial for unlawfully engaging in the business of selling intoxicating liquors in Grayson County and his sentence suspended.    This court has uniformly held that the two offenses, *engaging in the business* and *making a single sale,* are separate and distinct offenses, and a conviction in neither is jeopardy of the other.

The judgment is affirmed.

*Affirmed.*