## HILL v. STATE. (No. 4083.)

(Court of Criminal Appeals of Texas. May 24, 1916.)

1. CRIMINAL LAW ⚷≈290—FORMER JEOPARDY —WAIVER OF OBJECTION.

Former jeopardy by reason of conviction of the same offense must be pleaded before trial and cannot be raised for the first time on a motion for new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 666; Dec. Dig. ⚷≈290.]

2. CRIMINAL LAW ⚷≈200(4)—FORMER JEOPARDY — IDENTITY OF OFFENSES — LIQUOR LAW VIOLATION.

Unlawfully engaging in the business of selling intoxicating liquors is a crime separate and distinct from that of a single unlawful sale, and a conviction for one is no bar to a conviction for the other.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 397; Dec. Dig. ⚷≈200(4).]

Appeal from District Court, Grayson County; M. H. Garnett, Judge.

William Hill was convicted of the unlawful sale of intoxicating liquor, and appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of unlawfully making a single sale of intoxicating liquor in Grayson county after the prohibition law making it a felony was in effect therein, and his punishment assessed at the lowest prescribed by law.

[1, 2] The court gave a correct charge, to which there is no objection. No bill of exception is in the record. The sole question attempted to be set up was in the motion for a new trial after conviction, in this: A very meager attempt was made to allege that appellant had before been convicted of the same offense. This was denied and contested by the state. No evidence seems to have been introduced on the question. It was too late to set up such matter after the trial. It must be pleaded under oath before the trial. However, the best we can tell from the record is that appellant was convicted before this trial for unlawfully engaging in the business of selling intoxicating liquors in Grayson county and his sentence suspended. This court has uniformly held that the two offenses, engaging in the business and making a single sale, are separate and distinct offenses, and a conviction in neither is jeopardy of the other.

The judgment is affirmed.