WILLIAM HILL v. THE STATE.

No. 4294.    Decided November 29, 1916.

Local Option—Suspended Sentence—Cumulative Sentence.

Where appellant was indicted in two cases for violating the local option law under the act making the same a felony and was tried and convicted in one case and his sentence suspended, and was then tried and convicted in the other case, which was affirmed by this court, there was no error that the court, upon the proper motion by the county attorney, sentenced the defendant under the first cause wherein sentence had been suspended, and made the sentence cumulative of the penalty in the other cause.

Appeal from the District Court of Grayson.    Tried below before the Hon. M. H. Garnett.

Appeal from a conviction of a violation of the local option law making the sentence cumulative of the penalty in another cause.

The opinion states the case.

*C. Huggins,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Ex parte Lawson, 76 Texas Crim. Rep., 419.

PRENDERGAST, PRESIDING JUDGE.—On December 17, 1914, appellant was indicted in two cases, one, No. 12,999, on the District Court docket, for illegally making a single sale of intoxicating liquor in the prohibition county of Grayson, after an election putting prohibition in force in that county had been carried, which was after the felony statute was in force, and in the next cause, No. 13,000, for pursuing the occupation or business of so selling liquor in said county. He was tried and convicted in the latter case first, and the jury so finding therein, his sentence was suspended, his conviction having occurred on August 18, 1915. A short time after his said conviction in cause No. 13,000 he was tried and convicted in said other case. He appealed that, and it was affirmed by this court on May 24, 1916. (Hill v. State, 79 Texas Crim. Rep., 156, 186 S. W. Rep., 769.)

Thereafter, on August 17, 1916, the county attorney filed the proper motion, setting up all these facts. Appellant answered, contending that because he was indicted at the same time and later convicted in the case first docketed, the court could not therefore sentence him under said first cause wherein his sentence had been suspended. The court, upon hearing the matter in said cause No. 13,000, on August 18, 1916, sentenced him in accordance with the statute, making the sentence cumulative of the penalty in the other cause.

The action and sentence of the court was in strict accordance with the suspended sentence law. (Act of 1913, p. 8.) Section 4 thereof (art. 865e, Vernon's Ann. C. C. P.) prescribes: "Upon the final conviction of the defendant of any other felony, pending the suspension of sentence, the court granting such suspension shall cause a capias to issue for the arrest of the defendant, if he is not then in the custody of such court, and upon the execution of a capias, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such cases no new trial shall be granted in the first conviction."

The statute is so clear and plain and was so strictly and literally followed by the judge of the lower court, we see no necessity of discussing the matter at all.

The judgment is affirmed.

*Affirmed.*

HARPER, JUDGE, absent.