## FORT WORTH & D. N. RY. CO. v. SUGG et al.

### No. 4147.

Court of Civil Appeals of Texas. Amarillo.

Feb. 12, 1934.

C. C. Small, of Amarillo, R. H. Templeton, of Wellington, and F. B. Walker and Thompson & Barwise, all of Fort Worth, for appellant.

Jas. C. Maham, of Childress, and Luther Gribble, of Wellington, for appellees.

JACKSON, Justice.

The appellees sued appellant originally in trespass to try title to recover the west half of section 37, block 15, of the H. & G. N. Railway Company survey in Collingsworth county.

The appellant answered and in a cross-action sought to have condemned 14.72 acres of the land for right of way purposes.

The appellees amended, abandoned the action of trespass to try title, and sued for the value of the land taken and for damages to the remainder of the half section. They pleaded that the land taken and damaged had no market value and as a basis for compensation alleged its actual value.

The appellant obtained a decree condemning for right of way purposes the 14.72 acres of land.

The jury found that the actual value of the 14.72 acres at the time of the taking was $956.80 and the actual damages to the remainder of the half section was $4,960.80. On these findings judgment was rendered for appellees for the sum of $5,917.60.

The court in connection with the special issues submitting "actual value" defined the meaning thereof as follows:

"By the term 'actual value' as hereinafter used, is meant what said property was actually worth at the time the same was taken, if sold by a prudent seller upon the usual and reasonable terms and conditions of selling, taking into consideration the reasonable terms and conditions of selling and the location of the land and the purposes for which it was held."

Some of the exceptions urged by appellant to the definition of actual value and the issues given in connection therewith, are: That it is erroneous because it does not contain the legal elements of "actual value"; informs the jury that "actual value" means "what said property was actually worth * * * if sold by a prudent seller upon the usual and reasonable terms and conditions of selling"; instructed them to take "into consideration the reasonable terms and conditions of selling"; and left the jury to determine for themselves without assistance from the court or aid from the testimony, what was meant by usual and reasonable terms and conditions.

Section 17, art. 1, of the Constitution of the state, is, in part, as follows: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money."

Article 3265, R. C. S. 1925, provides, in effect, that when land is condemned, the damages to which the owner is entitled shall be the market value of the property where it is located. Article 3268 provides, in effect, that the damages awarded in a condemnation proceedings shall be paid to the owner or the money deposited in court for him before the condemnor takes possession of the property.

■ The testimony discloses that the land at the time of the taking had no market value and appellees were entitled to recover compensation on proof of actual value. Ft. Worth & Denver City Ry. Co. v. Amason (Tex. Civ. App.) 239 S. W. 359, 361; City of Waco v. Craven (Tex. Civ. App.) 54 S.W.(2d) 883.

■ Values fixed by forced sales is not the correct basis.

"The condemnor has the choosing of the time when he will proceed to take the property. This may be a time most inopportune for the owner. Following a crop failure, or panic financial conditions, general or local, it happens that farm and other lands are for the time being practically unsalable. In this sense they, for the time being, have no 'market value,' if the term is to be taken to mean a present salable price. But, as already seen, as applied in condemnation cases, a willing

572

purchaser as well as a willing seller is contemplated." Lebanon, etc., Turnpike Co. v. J. G. Creveling, Jr., Commissioner et al., 159 Tenn. 147, 17 S.W.(2d) 22, 25, 65 A. L. R. 440, 447.

There is no testimony even suggesting what reasonable terms and conditions of selling are in the locality where the land involved is situated.

"The meaning of 'actual value' is the same as 'salable value' and 'cash value,' which is measured by the amount of cash into which property can be converted. In other words, it means the usual selling price at the place where the property to which the term is to be applied is situated at the time its value is to be ascertained." Milwaukee Mechanics' Ins. Co. et al. v. Frosch et al. (Tex. Civ. App.) 130 S. W. 600, 602.

"Market value," "fair market value," "cash market value," and "fair cash market value" are synonymous expressions. McInnis v. Brown County Water Imp. Dist. (Tex. Civ. App.) 41 S.W.(2d) 741.

■■ The law clearly contemplates that the owner of land taken or damaged by condemnation shall be compensated in cash for such damages as he sustains and whether such compensation is ascertained by proof of market value, where such market value exists, or by actual value, where no market value can be shown, the damages are to be determined on a basis of cash money value. The charge instructing the jury to take into consideration the reasonable terms and conditions of selling when sold by a prudent seller, does not indicate a cash transaction, but advises the jury to ascertain actual value by credit transactions and contemplates deferred payments, the security therefor, the date of such payments, and the rate of interest.

The meaning of the words "actual worth" as used in the charge is so nearly synonymous wtih the meaning of the words "actual value" that they furnished to the jury little or no additional information as to the meaning of "actual value." In ascertaining actual value, the jury should not be limited to transactions made by a "prudent seller," but to such as are made by a willing seller and a willing purchaser.

Appellant was not entitled to a peremptory instruction and we do not feel warranted in holding that the judgment was excessive.

The judgment is reversed and the cause remanded.