ROBERT WATSON v. STATE

No. 27,563. June 22, 1955
Motion for Rehearing Denied
(Without Written Opinion) October 26, 1955

*Rodgers & Adams,* by *Thos. B. Adams,* Big Spring, for appellant.

*Guilford L. Jones,* District Attorney, Big Spring, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender, as denounced by Article 802b, V.A.P.C.; the punishment, 3 years.

Officer Walton testified that, as he was patrolling in the city of Big Spring at approximately 3:00 o'clock on the Sunday morning in question, he observed an automobile slide around a corner; that he whipped his patrol car to the right in order to avoid being hit, and then turned around and gave chase; that the automobile came to a halt near the colored American Legion Hall; and that he observed the appellant under the wheel. Walton stated that the appellant's breath smelled strongly of alcohol, that the appellant spoke as if he had a thick tongue, staggered as he got out of the automobile, and in his opinion was intoxicated. Walton testified that he had observed the appellant drinking beer in the "flats" earlier that night.

A prior misdemeanor conviction for driving while intoxicated was established.

Appellant, testifying in his own behalf, stated that he had been talking and dancing at the American Legion hall and Gomez's place up until 2:30 on the morning in question, but denied that he was intoxicated and claimed that the only intoxicant which he had consumed that night was a portion of a bottle of beer which the officers found in his possession at the time he was arrested. He denied that he had been to the "flats" that night.

By amended motion for new trial, the appellant sought to raise approximately twenty alleged errors in the trial of his case which range from objections to the court's charge to the contention that the prosecutor was disqualified. We have carefully checked the statement of facts on the trial and fail to find where any of the questions were properly raised at the time of the trial.

All objections to the court's charge must be made before the charge is read to the jury and cannot be made for the first time on motion for new trial. Article 658, V.A.C.C.P., and Clay v. State, 157 Texas Cr. R. 32, 246 S.W. 2d 180.

As to the prior convictions for felonies which the appellant claims in his motion for new trial were too remote to be employed for the purpose of impeachment, we note that the appellant himself testified without objection about his prior felony convictions in the state of Oklahoma.

No objections were made to any of the other questions sought to be raised in the motion. Former jeopardy must be plead before trial and cannot be raised for the first time on motion for new trial. Hill v. State, 79 Texas Cr. R. 555, 186 S.W. 769.

Finding no reversible error, the judgment of the trial court is affirmed.