**John Allen HUTCHINGS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43455.

Court of Criminal Appeals of Texas.

March 17, 1971.

Rehearing Denied May 19, 1971.

R. E. Biggs, Liberty, for appellant.

W. G. Woods, Jr., Dist. Atty., Liberty, and Jim P. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is felony theft with three prior non-capital convictions alleged for enhancement; the punishment, life.

Appellant's first ground of error is that his plea of former jeopardy should have been sustained by the court because the appellant had previously been tried and acquitted for the offense of burglary growing out of the same transaction.

No plea of former jeopardy was filed in the trial court. The matter was raised after the motion for new trial was overruled. In Hill v. State, 186 S.W. 769 and in Watson v. State, 282 S.W.2d 715, we held that the plea of former jeopardy must be pled before trial and cannot be raised for the first time on motion for new trial. See also Galloway v. State, Tex.Cr.App., 420 S.W.2d 721; Mahoney v. United States, 137 U.S.App.D.C. 3, 420 F.2d 253; Haddad v. United States, 9 Cir., 349 F.2d 511. We need not decide whether the rule in Hill, supra, is still applicable, because the record of the former trial is not before this Court and the holding of the Supreme Court of the United States in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, is not applicable.

■ His second ground of error is that the court erred in not instructing a verdict of not guilty because of the failure of the state to prove the market value of the five guns stolen. In Senters v. State, 163 Tex.Cr.R. 423, 291 S.W.2d 739, this Court said the expressions "market value," "fair market . value" and "cash market value" and "fair cash market value" are synonymous terms. McInnis v. Brown County Water Improvement Dist. No. 1, Tex.Civ.App., 41 S.W.2d 741, 746 (writ refused); Fort Worth & D. N. Ry. Co. v. Sugg, Tex.Civ.App., 68 S.W.2d 570 (no writ history); West Texas Hotel Co. v. City of El Paso, Tex.Civ.App., 83 S.W.2d 772, 776 (writ dismissed). We further said, "There is no material difference between "reasonable market value," "reasonable cash market value" and "market value." The witness Dufene testified that the appellant offered to sell him one of the guns for $50.00. The witness Perkins, a deputy sheriff for nearly twenty years, who lived in the community where the theft occurred, stated that he was familiar with buying and selling pistols, rifles and guns; that he owned 55 or 60 guns and knew of the sale of similar guns at the local hardware and gave his opinion as to the reasonable cash market value of the guns which were recovered from the appellant.

The witness Moore testified that he had twenty-two years of experience in buying and selling new and used guns of the same type as those stolen and that he understood cash market value as being the amount of cash that could be received for the guns, if given a reasonable time for selling them. He placed the total value of the guns in question at far more than $50.00, the amount which would make their theft a felony.

■ Appellant's last ground of error relates to the court's charge. The indictment alleged that each named gun was worth in excess of $50.00. Appellant objected to the charge because it authorized conviction if they found him guilty of stealing one of the guns so long as they also found that it was of the value in excess of $50.00. We find no error in the charge.

Finding no reversible error, the judgment is affirmed.

ONION, Presiding Judge (concurring).

In Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, the United States Supreme Court declared the double jeopardy provisions of the Fifth Amendment applicable to the states overruling Palko v. Connecticut, 302 U.S. 319, 58 S. Ct. 149, 82 L.Ed. 288. And North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23

L.Ed.2d 656, accorded the Benton holding full retroactive effect. See also Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469.

In Ashe v. Swenson, supra, the court held that the federal rule of collateral estoppel is embodied in the Fifth Amendment's guaranty against double jeopardy. Noting that "collateral estoppel" is an awkward phrase, the court said: "It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."

In Ashe, which involved an armed robbery of six poker players, the federal rule of collateral estoppel made wholly impermissible a second trial for the robbery of one of the players where the single rationally conceivable issue in dispute before the jury, which had acquitted the defendant in an earlier trial for the robbery of another of the players, was whether the defendant had been one of the robbers.

The court was careful to point out the approach to be used in applying the rule of collateral estoppel. The court wrote:

> "The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry 'must be set in a practical frame, and viewed with an eye to all the circumstances of the proceedings.' Sealfon v. United States, 332 U.S. 575, 579, 68 S.Ct. 237, 240 [92 L.Ed. 180, 184]. Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal."

In the case at bar we do not have before us the record of the prior proceeding. The indictment, evidence,[1] court's charge and other relevant matters of prior proceedings were not brought forward in this record. Although this case was tried after the decision in Ashe, it was not tried with that case in mind.

In light of these circumstances, I concur in the result that we are unable to determine the applicability of Ashe.

The prosecution relies upon Articles 1399 and 1400, Vernon's Ann.P.C., to sustain its position. In a case where the rule of collateral estoppel is clearly applicable, the continued viability and constitutionality of these statutes will have to be decided by this court. In light of the record, this case on direct appeal is not that case.

For the reasons stated, I concur.

---

1. There was an attempt at a stipulation as to the evidence of the prior trial, but it is not clear that it was entered into by all the parties.