Willie CARR, Petitioner-Appellant,

v.

STATE OF ALABAMA, Respondent-Appellee.

No. 76–4120
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 15, 1978.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Robert R. Bryan, Birmingham, Ala., for petitioner-appellant.

William J. Baxley, Atty. Gen., G. Daniel Evans, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Willie Carr sought habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Alabama from his sentence following a conviction for robbery in the Circuit Court of Jefferson County, Alabama. Carr raises three issues in his § 2254 petition, all of which were submitted to the Alabama Court of Criminal Appeals in petitioner's brief to that court. He contends that his conviction is invalid because: (1) improper comments by a police officer to a material witness during a lineup were unduly suggestive and the resulting identification was, thus, improperly and prejudicially admitted into evidence at trial; (2) he was unconstitutionally compelled to give possibly incriminating evidence against himself in answering a question asked of him by a prosecution witness who was under cross-examination; and (3) his trial was marred by plain error when a jury member asked the trial judge a question in open court which revealed that the jury members had begun to discuss the case and deliberate before the trial had concluded. The district court adopted the magistrate's recommendation and denied Carr's petition for habeas corpus. No. CA 76–A–0929–S (order filed September 20, 1976). The magistrate had concluded that Carr's suggestive lineup and self-incrimination contentions were without merit and that the premature jury deliberation contention could not be considered because the petitioner had not exhausted his state remedies as to that issue under 28 U.S.C. § 2254(b). No. CA 76–A–0929–S (examination, report and recommendation filed September 20, 1976). The magistrate's recommendation regarding the premature deliberation issue was based on the absence of any reference to that issue in the opinion of the Alabama Court of Criminal Appeals affirming Carr's conviction. *Carr v. State*, 56 Ala.App. 125, 319 So.2d 744, rehearing denied (1975). Although the magistrate was apparently unaware that Carr had, in fact, presented the deliberation issue to the state appellate court in his brief, the district court was alerted to that fact by Carr's motion of October 1, 1976, for rehearing and review. The district court then concluded that, nevertheless, state remedies had not been exhausted under § 2254(b) since the issue could still be presented to the trial court by a petition for a writ of error coram nobis. No. CA 76–A–0929–S (order filed October 21, 1976). We affirm the district court's finding of no merit in petitioner's claims relating to the suggestive lineup and to self-incrimination, but reverse the finding of failure to exhaust state remedies as to the jury deliberation claim, and remand for further proceedings consistent with this opinion.[1]

---

1. When the district court judge elected to deal with the two exhausted claims, in spite of the presence of what he then believed to be a nonexhausted claim, he did not have the deci-

■ A thorough review of the record reveals that the magistrate and district court correctly concluded that Carr's lineup and self-incrimination claims are without merit. The argument regarding improper comments by a police officer to the robbery victim during a lineup identification is supported only by the uncorroborated testimony of a participant in the lineup. He asserted that he overheard, through an intercom speaker which had not been turned off, a police officer telling the victim to identify Carr. All of the other testimony in the record regarding the lineup completely refutes this assertion. The victim observed her robbers over a period of approximately five minutes at close quarters in full daylight. The jury's apparent choice of the victim's version of her immediate and unaided identification of Carr, from mug shots and in court as well as at the lineup, will not be disturbed on appeal where its verdict is supported by substantial evidence. "It is not for this Court to weigh the credibility of witnesses." *United States v. Vomero*, 567 F.2d 1315, 1316 (5th Cir. 1978).

■ Neither will Carr's self-incrimination claim support a vacation of his conviction. The incident which serves as the basis for this claim involved a question asked of him by a prosecution witness who was being cross-examined by defense counsel. At defense counsel's urging, the witness was allowed to ask Carr, who was seated at the defense table, the following single question: "Did you used to be a customer of mine, Willie?" Without hesitation or objection, Carr answered, "Yes, sir, I did." Not only was Carr's response not compelled, but it was also neither incriminating nor prejudicial. The questioning witness had been called by the state to place Carr and his companions near the scene of the robbery shortly before it took place; the witness had seen three men fleeing in a car after creating a disturbance in a variety store adjacent to his shop, which was located some ten or twelve blocks from the store that was robbed. He had testified on direct that he had never seen any of the three men prior to the disturbance and that he had not seen them sufficiently well that day to be able to identify them. In an apparent effort to show that the witness would have recognized Carr had Carr been one of the persons at the disturbance, defense counsel strategically decided to allow the witness to ask his question. Carr was not compelled to incriminate himself by the exchange.

■ The Supreme Court's recent decision in *Smith v. Digmon*, 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed. 582 (1978), is dispositive of the exhaustion issue in this case. The Court unanimously reversed the district court's conclusion that one of the petitioner's claims had never been presented to any state court where that conclusion "was premised upon the absence of any reference to the contention in the reported opinion of the Alabama Court of Criminal Appeals affirming the conviction." *Id.* The Court's examination of the briefs which Smith had submitted to the Alabama Court of Criminal Appeals revealed that the claim in question had indeed been presented to the state appellate court. Under those facts, which could hardly be more similar to those in the case at bar, the Court concluded that

> [i]t is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the

sion of the en banc court in *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978). *Galtieri* may have been important to his decision to reach the merits of the exhausted claims in what he believed to be a mixed habeas corpus petition. The district court judge appears to have addressed the merits of the two exhausted claims in the "mixed" petition routinely rather than as an exception to the general rule of dismissing mixed petitions without prejudice which was announced in *Galtieri*. Nevertheless, in keeping with *Galtieri*, we have determined upon review of the merits of the claims recognized to have been exhausted that the district court's dispositive order as to them is without error. We note, however, that we expect more petitions to be dismissed in light of *Galtieri*.

state court . . . . It is equally obvious that a district court commits plain error in assuming that a habeas petitioner must have failed to raise in the state courts a meritorious claim that he is incarcerated in violation of the Constitution if the state appellate court's opinion contains no reference to the claim.

*Id.*, at 333–34, 98 S.Ct. at 599. The district court erred in concluding that Carr's premature jury deliberation contention, which had been briefed to the Alabama Court of Criminal Appeals, was not an exhausted claim. On remand the district court should treat the contention as the exhausted claim that it has been shown to be. We express no opinion today as to whether the premature jury deliberation claim is one of merit. We note, however, that the rule of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), may present a hurdle because of Carr's failure to object to the juror's comment at the trial level, unless, of course, the trial judge's failure to declare a mistrial as a result of the juror's remark is found to have been plain error.

AFFIRMED in part; REVERSED in part and REMANDED.