Albert H. CARTER, Petitioner,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent.

Civ. A. No. H–80–433.

United States District Court,
S. D. Texas,
Houston Division.

July 17, 1980.

Arnold Anderson Vickery, Wendy Thomas Kendall, Houston, Tex., for petitioner.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

On June 13, 1980, the Court heard argument on the respondent's Motion to Dismiss for Failure to Exhaust State Remedies, the petitioner's Motion for Summary Judgment, and the petitioner's Motion for Bail. At the conclusion of the argument, the Court orally denied the respondent's motion to dismiss, granted summary judgment to the petitioner, and denied the motion for bail as moot. It indicated that a written order, outlining the reasons for the actions taken, would be forthcoming. This is that order.

## INTRODUCTION

The petitioner was convicted of embezzlement on September 21, 1972, in Cause No. 178,126 in the 185th Judicial District Court of Harris County, Texas. After the jury found him guilty, evidence was submitted indicating that the petitioner had been convicted of perjury in 1962 in the United States District Court for the Middle District of Georgia and of embezzlement in 1969 in Cause No. 127,784 in the 174th District Court of Harris County, Texas. Pursuant to the Texas Recidivist Act, *Tex.Penal Code Ann.* art. 63 [now § 12.42(d)], he was given a mandatory life sentence. The petitioner appealed and, on June 5, 1974, the Texas Court of Criminal Appeals reversed. The conviction, the Court of Criminal Appeals held, had been based on insufficient evidence. *Carter v. State*, 510 S.W.2d 323 (Tex.Cr.App.1974). Five months later, in November, 1974, the petitioner was retried for the same offense. Although he filed a "Special Plea" in the district court, pursuant to *Tex.Crim.Pro.Code Ann.* art. 27.05, urging that his retrial was barred because of former jeopardy, that action was to no avail. He was reconvicted and sentenced, once again, to life imprisonment. Nearly

four years later, in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978), the United States Supreme Court, "held that the Double Jeopardy Clause precludes a second trial once a [federal or state] reviewing court has determined that the evidence introduced at trial was insufficient to sustain the verdict." Arguing that *Burks, supra,* and *Greene, supra,* apply retroactively to his 1974 reconviction for embezzlement, the petitioner has moved for summary judgment and release on bail pending a ruling on the merits. The respondent opposes the motions for summary judgment and bail and has moved to dismiss for failure to exhaust state remedies.

### EXHAUSTION OF STATE REMEDIES

■ The motion to dismiss will be dealt with first. The petitioner originally sought habeas corpus relief from this Court on December 3, 1974, in Cause No. 74–H–1603, styled, like the present case, *Carter v. Estelle.* In that action, he attacked both his 1969 embezzlement conviction, for which he had been sentenced to 7 years imprisonment, and his 1974 embezzlement conviction, for which he had been sentenced to life imprisonment. On July 19, 1978, approximately one month after the Supreme Court issued its decisions in *Burks, supra,* and *Greene, supra,* the petitioner filed a supplemental petition in 74–H–1603, asserting for the first time that he was entitled to habeas corpus relief because his 1974 retrial and conviction for embezzlement violated the Double Jeopardy Clause. The respondent moved to dismiss for failure to exhaust state remedies under *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir. 1978), because petitioner Carter had not raised this double jeopardy argument in his state habeas corpus petition. United States Magistrate Ronald J. Blask, in a memorandum and recommendation signed August 18, 1978, recommended that the motion to dismiss be granted and, on August 21, 1978, United States District Court Judge Finis E. Cowan dismissed the petitioner's application for failure to exhaust state remedies.

At this point, the case took an unusual procedural turn. On August 31, 1978, the petitioner filed a motion to vacate Judge Cowan's order. Noting that the petition in 74–H–1603 attacked both his 1969 embezzlement conviction and his 1974 embezzlement conviction, the petitioner pointed out that he had fully exhausted his state remedies as to the former and that his double jeopardy claim under *Burks, supra,* and *Greene, supra,* applied only to the latter. He argued, moreover, that dismissal of 74–H–1603 in its entirety would prevent him from obtaining any federal habeas corpus review of his 1969 conviction. The petitioner had filed 74–H–1603 on December 3, 1974, some five months before he had fully discharged the seven-year sentence associated with the 1969 conviction. Because of that, federal habeas corpus jurisdiction over 74–H–1603 continued to exist under *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), even after May 17, 1975, when service of the seven-year sentence was completed. It would not, however, the petitioner contended, extend to any federal habeas corpus action filed after May 17, 1975, even if that action had originally been filed in federal court prior to that date and dismissed for failure to exhaust state remedies. If justice was to be done, the petitioner claimed, 74–H–1603 could not be dismissed in its entirety.

Magistrate Blask and Judge Cowan agreed. In a memorandum and recommendation signed January 9, 1979, at 7–8, Magistrate Blask discussed the application of the exhaustion requirement laid out in *Galtieri v. Wainwright, supra,* to petitioner Carter's case:

The *Galtieri* rule is premised upon the principle that, "requiring exhaustion of all claims does not 'bar the federal courthouse door' to any petitioner." *Galtieri v. Wainwright, supra,* at 355. Carter's seven year challenge will, in my judgment, be barred if, as the respondent suggests, the entire petition should be dismissed. Furthermore, . . . this petition raises the problem of the appropriate resolution to be made where two distinct

convictions arising in two separate state courts in this County are challenged in the same action in federal court. . . . [I]n order to avoid the harsh consequences engendered by dismissal of petitioner's viable seven year challenge and yet satisfy the demands of the exhaustion doctrine as to the issues raised in the life sentence case, it is Recommended that the Court's Order and Final Judgment dated August 21, 1978, be modified as follows:

1. This cause of action be severed and designated as C.A. No. 74–H–1603–A, incorporating petitioner's independent challenge to his 1969 seven year embezzlement conviction in Cause No. 137,784 in the 174th Judicial District Court of Harris County, Texas, and C.A. No. 74–H–1603–B, encompassing petitioner's independent challenge to his 1974 life sentence imposed in Cause No. 178,-126 in the 185th Judicial District Court of Harris County, Texas;

2. As the Court has previously adopted the Memorandum and Recommendation of the undersigned that the life sentence (C.A. No. 74–H–1603–B) contains both exhausted and unexhausted claims, said action be dismissed, without prejudice, for failure to exhaust all available state remedies as required by law, and

3. Petitioner's seven year challenge (C.A. No. 74–H–1603–A) be retained on the Court's docket awaiting final disposition of the claims raised therein.

On February 8, 1979, Judge Cowan followed this recommendation, adopting Magistrate Blask's Memorandum and Recommendation as his own.

Approximately one month later, on March 9, 1979, the petitioner filed his state habeas corpus petition in the 185th District Court, Harris County, Texas under Cause No. 178,126C, urging primarily the double jeopardy claim. In his petition, he fully explained the United States District Court's handling of his claims in 74–H–1603. A copy of Judge Cowan's Order of February 8, 1979 was attached as an exhibit. The respondent answered on April 30, 1979. On November 14, 1979 the Texas Court of Criminal Appeals, sitting *en banc,* dismissed the petition without prejudice. Its explanation was as follows:

In his present application, petitioner admits that he has an application for writ of habeas corpus pending in the United States District Court for the Southern District of Texas, Houston Division, in an action styled *Albert H. Carter v. W. J. Estelle, Jr.,* Civil Action No. 74–H–1603.

In *Ex Parte Green,* 548 S.W.2d 914 (Tex.Cr.App.1977), this Court stated: "A petitioner must decide which forum he will proceed in because this Court will not and the trial court in this state should not consider a petitioner's application so long as the federal courts retain jurisdiction of the same matter. *Ex Parte Powers,* 487 S.W.2d 101 (Tex.Cr.App.1972)." *See also Ex Parte McNeil,* [588 S.W.2d 592 (Tex. Cr.App.1979)].

Nine days later, the petitioner moved for reconsideration of the order of dismissal. His three-page motion and a letter accompanying it carefully and cogently explained the difference between the action dismissed by the Court of Criminal Appeals and the action pending in federal court. For example, the Motion for Reconsideration of Dismissal Order stated, at 1 (emphasis in original):

This Court dismissed this action without prejudice solely because of a gross misunderstanding by this Court of a single fact. In the second paragraph of [its] dismissal order, this Court stated that "petitioner admits" that he has a federal habeas corpus action pending. That much is true, but the pending federal action (No. 74–H–1603–[A]) does *not* attack petitioner's *present* conviction (i. e., cause No. 178,126 in the state District Court). Rather, the federal habeas action attacks *only* Petitioner's *prior* convictions (including a federal conviction and three misdemeanor convictions) which resulted in penal sentences which Petitioner fully discharged many years ago—and as to which the federal court has formally determined that Petitioner has fully exhausted state remedies.

On January 14, 1980, the Texas Court of Criminal Appeals denied the Motion for Reconsideration without written order.

Having failed to obtain relief in state court, the petitioner filed the present action, No. H–80–433. It is, in effect, the same action originally dismissed on February 8, 1979, by Judge Cowan, as 74–H–1603–B, for failure to exhaust state remedies. As has been discussed, it challenges only the 1974 embezzlement conviction. The petitioner, it is clear, has done everything he can, short of dismissing his federal habeas corpus attack on his 1969 embezzlement conviction, to obtain habeas corpus relief in state court. That, however, the respondent maintains, is not good enough. Citing *Galtieri v. Wainwright, supra,* the respondent has moved to dismiss the petitioner's claim, once again, for failure to exhaust state remedies.

In *Galtieri v. Wainwright, supra* at 355, the Fifth Circuit held, "that a federal district court must dismiss without prejudice a 'mixed' petition for a writ of habeas corpus filed by a state prisoner." To determine that dismissal is not required in the present case, one needs only to read the definition of a "mixed" petition provided in *Galtieri v. Wainwright, supra,* at 355:

> a "mixed" petition is one that asserts both exhausted claims and unexhausted claims that do not fit an exception to the exhaustion doctrine; that is, some of the claims have not been presented to the state court system so that the custodial state has not yet had an opportunity to correct all of the alleged constitutional errors.

The petition filed in the instant case is not a "mixed" petition. All of the claims asserted in the petition have previously "been presented to the state court system." "[T]he custodial state," in the words of *Galtieri v. Wainwright, supra,* has had a full, "opportunity to correct all of the alleged constitutional errors."

The respondent contends that the petitioner could obtain relief in state court by dismissing 74–H–1603–A, his federal habeas corpus attack on his 1969 embezzlement conviction. That may be true. Such an action, however, is not required by *Galtieri v. Wainwright, supra.* It will not be required by this Court. First, United States Magistrate Ronald J. Blask and United States District Court Judge Finis E. Cowan determined almost a year and a half ago that the petitioner's challenge to his 1969 embezzlement conviction, 74–1603–A, need not be dismissed to enable the petitioner to exhaust the remedies available to him in state court to attack his 1974 conviction for embezzlement. They went to great efforts to preserve the petitioner's claim in 74–1603–A and to assure that the petitioner's claim in 74–1603–B would, if not resolved in the petitioner's favor in state court, be ready to be ruled upon when refiled in federal court. To dismiss the present action for failure to exhaust state remedies would be to render those efforts useless. Second, Magistrate Blask and Judge Cowan correctly determined that dismissal of 74–1603–A would "bar the federal courthouse door," *Galtieri v. Wainwright, supra,* at 355, to the petitioner's attack on his 1969 embezzlement conviction. Such a result would be inexcusable.

Third, the failure of the Texas Court of Criminal Appeals to exercise habeas corpus jurisdiction over the present claim is, almost without question, attributable to a factual misunderstanding, a misunderstanding which the petitioner has made every effort to correct. The cases which the Texas Court of Criminal Appeals relied upon in refusing to entertain petitioner Carter's application for writ of habeas corpus firmly establish that the state courts will not accept habeas corpus jurisdiction of a case if the same case is being litigated in federal court. In *Ex parte Powers, supra,* 487 S.W.2d at 102 (emphasis added), the Texas Court of Criminal Appeals said that the, "application for writ of habeas corpus was dismissed . . . for the reason that [the federal courts] had retained jurisdiction of *this case.*" In *Ex parte Green, supra,* 548 S.W.2d at 916 (emphasis added), it said, "this Court will not, and a trial court in this State should nòt, consider a petition-

er's application so long as the federal courts retain jurisdiction of the *same matter.*" In *Ex parte McNeil, supra,* 588 S.W.2d at 593 (emphasis added), the court refused to exercise its jurisdiction because the petitioner had pending in federal court "an application *for a writ of habeas corpus seeking the same relief* that he seeks here." That was not the case with the application that petitioner Carter had pending in federal court. As Magistrate Blask and Judge Cowan correctly determined, the petition before the Texas Court of Criminal Appeals and the petition pending in federal court involved, "two distinct convictions arising in two separate state courts." Memorandum and Recommendation signed January 9, 1979, at 7 (Blask, Magistrate), *adopted,* Order of February 8, 1979 (Cowan, J.). The Court of Criminal Appeals, it can be seen, failed to understand the facts. That is unfortunate, to say the least, but it is not the petitioner's fault. *See* Petition for Writ of Habeas Corpus and to Set Bail and exhibits thereto (filed March 9, 1979); Motion for Reconsideration of Dismissal Order and accompanying letter (signed November 23, 1979). It cannot, moreover, prevent this Court from reviewing the petitioner's claim. *See Smith v. Digmon,* 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978); *Carr v. Alabama,* 586 F.2d 462 (5th Cir. 1978).

Fourth, it is conceivable that the Texas Court of Criminal Appeals did not misunderstand the facts in regard to the petitioner's habeas corpus cases, but, instead, by *refusing to entertain the petitioner's claim,* intended to adopt a new rule: that state habeas corpus jurisdiction would not extend to a challenge to one conviction when the petitioner had a challenge to another conviction pending in federal court, at least when the latter conviction was used to enhance the sentence given for the former conviction. Such a rule, would, however, be a substantial departure from the current rule followed by the Texas courts. *See Ex parte Powers, supra; Ex parte Green, supra; Ex parte McNeil, supra.* It would, moreover, severely impair the flow of multiple offenders' habeas corpus cases through the state and federal systems. In order to obtain state habeas corpus review of convictions obtained after the original filing of a habeas corpus action in federal court, the petitioner would, presumably, repeatedly have to dismiss and refile his federal habeas corpus case. The delay and disruption would be staggering. Finally, as petitioner Carter's case aptly demonstrates, such a rule would, if respected by the the federal courts, "bar the federal courthouse door," *Galtieri v. Wainwright, supra,* at 355, to many claims. This Court cannot believe that the Texas Court of Criminal Appeals would have adopted such a rule without explicitly saying so. It need not decide, therefore, whether, if such a rule had been adopted, dismissal for failure to exhaust state remedies would be required.

Fifth, "[a] major concern" motivating the Fifth Circuit in *Galtieri v. Wainwright, supra,* at 353–354, was, "that, without the exhaustion doctrine, the state court system would be isolated from federal constitutional issues and would not have an impetus to develop and apply federal constitutional law." That concern has been fully allayed here. As has been noted, the major constitutional issue in the present case is whether *Burks, supra,* and *Greene, supra,* apply retroactively. The Texas courts have already faced that issue. In *Ex parte Mixon,* 583 S.W.2d 378, 379 (Tex.Cr.App.1979), the Texas Court of Criminal Appeals held that, "the rule of *Burks* and *Greene, supra,* is to be applied retroactively." Dismissal of 74–1603–A, therefore, would not provide the Texas courts with "an impetus to develop and apply federal constitutional law." *Galtieri v. Wainwright, supra,* at 354.

Finally, the position adopted by the respondent at oral argument raises grave doubts about his true motive in advancing the motion to dismiss. To begin with, the respondent acknowledged that to dismiss 74–1603–A would be to bar forever federal habeas corpus review of the petitioner's 1969 conviction, but he kept insisting upon that dismissal anyway, despite the obvious injustice of such a result. The United States Constitution, it should be remembered, explicitly *guarantees* access to feder-

al habeas corpus review. *U.S.Const.* art. I, § 9, cl. 2. Furthermore, the respondent virtually conceded at oral argument that the Texas Court of Criminal Appeals would, under *Ex parte Mixon, supra,* find the 1974 embezzlement reconviction unconstitutional and order the petitioner's release. He urged this Court to grant the motion to dismiss because, at this juncture, that court, rather than this one, is the "proper" one to rule on the merits of the petitioner's claim. While arguing in support of the motion, however, the respondent refused to agree to release the petitioner on bail pending the entry of the Court of Criminal Appeals' ruling. That refusal entirely undermines the respondent's argument. The respondent claims to be motivated by respect for the state court system and a concern for procedural regularity and comity. Those interests, however, do not adequately explain the respondent's stance. Respect for the state court system, procedural regularity, and comity do not require service of a sentence which the "proper" court would admittedly find unconstitutional. To the contrary, if the Texas Court of Criminal Appeals is the "proper" court to rule on the merits of the petitioner's claim, proper respect for the state court system would appear to compel the respondent to agree to release the petitioner on bail. His refusal to do so, in conjunction with his concessions as to the Court of Criminal Appeals' view of the merits, casts the respondent's motion to dismiss for failure to exhaust state remedies in a different light. It appears not as an expression of respect for the state courts and concern for procedural regularity and comity, but as an indication of the respondent's desire to keep the petitioner in jail, whether or not he is there unconstitutionally. As such, it will not be countenanced.

"The goal," of *Galtieri v. Wainwright, supra,* at 356, "is to have a petitioner travel through each system [state and federal] only once, at most, in his quest for vindication of alleged constitutional errors." Petitioner Carter has now traveled through each system at least twice. More is not required. The motion to dismiss for failure to exhaust state remedies will be denied.

## SUMMARY JUDGMENT

The petitioner's argument in favor of his motion for summary judgment is a rather simple one. "In *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)," the petitioner notes, "the Supreme Court held that the double jeopardy clause of the Fifth Amendment precludes retrial after the reversal of a conviction based on insufficient evidence. . . . The same day, the court extended that portion of the double jeopardy provision to petitioners convicted in state criminal proceedings. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978)." Petitioner's Brief in Support of Motion for Summary Judgment and in Opposition to Respondent's Motion to Dismiss for Failure to Exhaust State Remedies, at 11. Four years before those decisions, the petitioner was reconvicted for embezzlement after his original conviction had been overturned for insufficient evidence. *See Carter v. State,* 510 S.W.2d 323 (Cr.App.1974). The only two courts to face the issue, the Ninth Circuit and the Texas Court of Criminal Appeals, have decided that *Burks, supra,* and *Greene, supra,* apply retroactively. *See United States v. Bodey,* 607 F.2d 265 (9th Cir. 1979); *Ex parte Mixon, supra.* Those courts, the petitioner contends, are correct. *Burks, supra,* and *Greene, supra,* apply retroactively, the petitioner insists, and mandate his release.

The respondent has three responses to the motion for summary judgment. First, he contends that summary judgment is inappropriate as there is a "genuine issue as to [a] material fact." Fed.R.Civ.P. 56. It is undisputed that on October 7, 1974, the day his retrial for conviction began, petitioner Carter filed a "Special Plea" with the trial court, pursuant to *Tex.Crim.Proc.Code Ann.* art. 27.05, asserting that his retrial was, in effect, barred by the Double Jeopardy Clause. Texas law, the respondent says, requires that a special plea submitted pursuant to Article 27.05 be filed before the trial begins. That being so, if the petitioner filed his "Special Plea" after his retrial

started, the respondent maintains, he waived his right to object on double jeopardy grounds. As it is not clear whether the plea filed by the petitioner was filed before or after his retrial began, the respondent contends, summary judgment cannot be granted.

The respondent, it should be noted, conceded at oral argument that it was extremely unlikely that the Texas Court of Criminal Appeals would, if it reached the merits, accept this "waiver" argument. As waiver is, at the first level, a matter of state law, the Court considers that concession to be a damaging one. Regardless of the conclusion the Court of Criminal Appeals might reach, however, the Court finds the respondent's "waiver" argument unconvincing. To begin with, the law in Texas on when a special plea must be filed is not as clear as the respondent claims. In each case in which the courts of Texas addressed the question of when a special plea must be filed, the plea of double jeopardy had been presented for the first time by a motion for new trial after the conclusion of the second trial. *See Galloway v. State*, 420 S.W.2d 721 (Cr.App.1967); *Watson v. State*, 162 Tex.Cr.R. 156, 282 S.W.2d 715 (1955); *Hill v. State*, 79 Tex.Cr.R. 555, 186 S.W. 769 (1916). Although the cases say that, "former jeopardy must be pleaded before the trial and cannot be raised for the first time on Motion for New Trial," *Galloway v. State, supra*, at 723, the state courts have never actually faced the question of whether a special plea of former jeopardy filed on the first day of the second trial, but after the trial commences, is sufficient under Texas law.

In addition, if Texas law does, in fact, require that a plea of former jeopardy be filed prior to the commencement of the second trial, that requirement would not necessarily prevent the federal courts from reaching the merits of petitioner Carter's claims. In *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977), the Supreme Court held that waiver pursuant to a state procedural rule would not bar federal habeas corpus review if the petitioner showed "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." Here, any "noncompliance" by the petitioner could certainly be explained by the fact that retrial in his circumstances had not yet been held to be prohibited by the Double Jeopardy Clause. As for "actual prejudice," there can be little doubt that it is present in the petitioner's case. The Supreme Court, it should be noted, has demonstrated a certain unwillingness to recognize a waiver of a double jeopardy claim. *See Burks, supra*, 437 U.S. at 17–18, 98 S.Ct. at 2150; *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). That unwillingness would undoubtedly extend to the petitioner's case.

Finally and most importantly, for the purposes of this proceeding, it simply does not matter whether petitioner Carter filed his "Special Plea" before or after his retrial started. It does not matter whether he filed his "Special Plea" at all. The Supreme Court held that a retrial after a reversal for insufficient evidence constitutes double jeopardy four years after Albert Carter was retried. The respondent concedes that this holding was not foreseeable. Thus, the question is not whether or when petitioner Carter filed his "Special Plea," but whether the decisions in *Burks, supra*, and *Greene, supra*, are to be applied retroactively. In *Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Supreme Court held that the right against self-incrimination prevented the admission of a defendant's confession at trial unless the defendant had been fully appraised of his constitutional rights prior to the time of his confession. One week later, in *Johnson v. State of New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the Court ruled on the habeas corpus petition of two individuals who had been convicted long before the decision in *Miranda, supra*. Although the petitioners had never been fully appraised of their constitutional rights, their confessions had been admitted against them at trial. At the time of their trial, it should be noted, the petitioners did not suggest that their confession

had been obtained involuntarily. They, "expressly relinquished their right under state law to have the issue of voluntariness, and the accompanying evidence, submitted to the jury for redetermination." *Johnson v. State of New Jersey, supra,* at 724, 86 S.Ct. at 1776. And their counsel, "explicitly asserted that the confessions were truthful and pleaded for leniency on this ground." *Id.* at 725, 86 S.Ct. at 1776. That, however, did not prevent the Supreme Court from reaching the issue of whether the admission of the petitioner's confessions violated the right against self-incrimination. The Court did not ask whether the defendants had objected to their failure to receive a *Miranda* warning; it knew that, at the time of their trial, neither the petitioners nor anyone else knew that there was such a thing as a *Miranda* warning. The Court simply asked whether it should apply *Miranda, supra,* retroactively. *Id.* at 726, 86 S.Ct. at 1777. Similarly, in the present case, this Court need not determine whether the petitioner filed a timely objection to his retrial. It simply need determine whether *Burks, supra,* and *Greene, supra,* apply retroactively to prohibit that retrial.

The second argument advanced by the respondent in opposition to the petitioner's motion for summary judgment is that *Burks, supra,* and *Greene, supra,* if applied retroactively, do not require the petitioner's release. *Burks* and *Greene,* the respondent says, hold that a person cannot be retried after his conviction is overturned for insufficient evidence. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), however, the respondent contends, establishes that, for federal habeas corpus purposes, "insufficient evidence" is to be defined as evidence from which, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* 99 S.Ct. at 2792. As the respondent hastens to point out, the present proceeding is a federal habeas corpus proceeding. The petitioner's 1972 embezzlement conviction, overturned by the Texas Court of Criminal Appeals in 1974, *see Carter v. State,* 510 S.W.2d 323 (Tex.Cr.App.1974), was, the respondent argues, supported by evidence

from which a "rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia, supra.* Therefore, according to the respondent, the petitioner's 1974 reconviction for embezzlement should not be overturned by this Court even if *Burks, supra,* and *Greene, supra,* apply retroactively.

The respondent appears to have confused due process and double jeopardy analysis. In *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), the Supreme Court held, "that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In *Jackson v. Virginia, supra,* 443 U.S. at 312, 99 S.Ct. at 2786, the Court decreed that a federal court sitting in habeas corpus must declare invalid under the Due Process Clause a conviction obtained in violation of the *Winship* standard. *In re Winship, supra,* and *Jackson v. Virginia, supra,* do not apply to the motion presently under consideration. The petitioner's motion for summary judgment is based not on the Due Process Clause, but on the Double Jeopardy Clause. In *Burks, supra,* the Supreme Court, "held that the Double Jeopardy Clause precludes a second trial once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain the verdict." *Greene, supra,* 437 U.S. at 24, 98 S.Ct. at 2154. In *Greene, supra,* decided the same day, the Supreme Court, exercising its federal habeas corpus jurisdiction, applied the standard announced in *Burks* to state criminal proceedings. It is undisputed that the petitioner in the present case was retried after "a reviewing court," the Texas Court of Criminal Appeals, "determined that the evidence introduced at [his 1972 embezzlement] trial was insufficient to sustain the verdict." *See Carter v. State, supra.* With his motion for summary judgment, the petitioner urges this Court, sitting in habeas corpus, to apply the *Burks* standard to that retrial and declare his conviction invalid. If *Burks, supra,* and *Greene, supra,* apply retroactively, the petitioner's motion must be granted.

The third and final argument advanced by the respondent in opposition to the motion for summary judgment is, as it must be, that *Burks, supra,* and *Greene, supra,* do not apply retroactively. The two most relevant Supreme Court decisions are *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), and *Robinson v. Neil,* 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973). In *Linkletter v. Walker, supra,* the Court discussed the retroactive application of its decisions at length and stated that only decisions interpreting procedural rules which affected, "the very integrity of the fact-finding process," *id.* at 639, 85 S.Ct. at 1743, would be applied retroactively. In *Robinson v. Neil, supra,* 409 U.S. at 508, 93 S.Ct. at 877, however, faced with the question of whether to apply *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), a double jeopardy decision, retroactively, the Court said that the *Linkletter* test was, "simply not appropriate." "The guarantee against double jeopardy," the Court explained in *Robinson v. Neil, supra,* 409 U.S. at 509, 93 S.Ct. at 878:

> is significantly different from procedural guarantees held in the *Linkletter* line of cases to have prospective effect only. While this guarantee, like the others, is a constitutional right of the criminal defendant, its practical result is to prevent a trial from taking place at all, rather than to proscribe procedural rules that govern the conduct of a trial.

*Waller v. Florida, supra,* the Supreme Court held, was, "to be accorded full retroactive effect." *Robinson v. Neil, supra,* 409 U.S. at 511, 93 S.Ct. at 879.

To this Court's knowledge, two courts have faced the question of whether *Burks, supra,* and *Greene, supra,* are to be applied retroactively: the Ninth Circuit in *United States v. Bodey,* 607 F.2d 265 (9th Cir. 1979), and the Texas Court of Criminal Appeals in *Ex parte Mixon, supra,* and *Ex parte Reynolds,* 588 S.W.2d 900 (Tex.Cr. App.1979). Relying on *Robinson v. Neil, supra,* both responded in the affirmative. This Court agrees. It finds particularly persuasive the analysis employed by the Texas Court of Criminal Appeals in *Ex*

*parte Reynolds, supra,* at 902–904, and, without repeating it, hereby adopts that analysis as its own. The petitioner's 1974 retrial for embezzlement violated the Double Jeopardy Clause. This Court, unfortunately, cannot stop the retrial from taking place. It can, however, declare the trial invalid and order the petitioner's release. That is what the Constitution requires. That is what the Court will do.

### CONCLUSION

For the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED that the respondent's Motion to Dismiss For Failure to Exhaust State Remedies be, and the same is, DENIED; that the petitioner's Motion for Summary Judgment be, and the same is, GRANTED; and that the petitioner's Motion for Bail be, and the same is, DENIED AS MOOT. The Court finds that the 1974 conviction of the petitioner for embezzlement violated the constitutional prohibition against double jeopardy. It hereby ORDERS, therefore, that the petitioner's application for a writ of habeas corpus be, and the same is, GRANTED and that the petitioner be RELEASED from custody.